<hr />

## John D. Wright v. The People.

*Criminal law: Assault with intent to murder: Written verdict: Intent to kill: Assault and battery: Sentence.* Where, upon the trial of one charged with an assault with intent to commit murder, the jury brought in a written verdict finding the prisoner guilty of an assault with intent to kill, as charged, but that the shooting was done under great provocation, and recommending the prisoner to the mercy of the court, it was held that there being no such offense under our statutes as assault with intent to kill, the statutory offense being assault with intent to commit the crime of murder, the verdict cannot be construed as a finding that defendant was guilty of any thing more than an assault and battery, and that a sentence to imprisonment for seven years was unauthorized.

*Heard and decided January 19.*

Error to St. Clair Circuit.

Wright was tried on a charge of assault with intent to murder one Woodward, *alias* Wagner, at Port Huron. The jury, having received the charge of the court, retired in charge of an officer, and shortly afterwards returned into court for further instruction as to whether the prisoner could be convicted under the information of assault and battery merely. The charge being again read to them (which distinctly instructed them that if the killing, in case death had resulted, would have been any thing less than murder, the defendant was not guilty of the complete offense charged, but was at most guilty of assault and battery only, and that he might be convicted of that offense), they again retired. At about two o'clock in the morning the jury again returned into court, and being asked if they had agreed upon their

verdict, the foreman handed to the clerk, and the clerk handed to the judge, a paper which the judge thereupon read aloud, and then said to the jury: "Gentlemen, you say that you find the prisoner guilty as charged in the information, and that you recommend him to the mercy of the court; and so say you all;" to which the jury nodded assent; and the verdict so given was recorded and the jury discharged. The paper which the jury handed in contained in writing, signed by all the jurors, the following: "We find the prisoner, John D. Wright, guilty of assault with intent to kill William Wagner, as charged in the information; also that the shooting done by Wright was done under great provocation, and we would recommend the prisoner to the mercy of the court." The court sentenced him to be imprisoned in the state prison for seven years.

*Atkinson Bros.* and *A. E. Chadwick,* for plaintiff in error.

*A. R. Avery, Prosecuting Attorney, A. J. Smith, Attorney General,* and *W. T. Mitchell,* for the People.

THE COURT held that the written finding of the jury must control under the circumstances disclosed by this record as to what their real verdict was; that there being no such offense under our statutes as an assault with intent to kill, the statutory offense being an assault with intent to commit the crime of murder, this written verdict cannot be construed as a finding that defendant was guilty of any thing more than an assault and battery; and that the sentence, therefore, was one not authorized by the verdict.

Judgment reversed, and prisoner discharged.