PEOPLE v. SMITH

1. CRIMINAL LAW—VERDICTS AND FINDINGS—INFORMATION—COUNTS.

When a criminal information contains more than one count the verdict must specify of which offense the defendant is guilty, since a defendant is entitled to a proper record of the exact offense of which he was convicted.

2. SAME—VERDICTS AND FINDINGS—UNCERTAINTY—RECORD.

Verdict of jury in case of defendant charged in 2 counts with taking indecent liberties and statutory rape that found defendant guilty of "assault with intent" *held,* too uncertain to be clarified by reference to record where trial judge and clerk reversed order of counts in reading counts charged in information and where remarks between clerk and jury foreman made nature of jury's findings unclear.

3. SAME—VERDICTS AND FINDINGS—LANGUAGE—OFFENSE.

When a verdict of a jury has sufficient language to sustain a lesser offense such lesser offense is the limit of the verdict that may be accepted by the court; thus a jury verdict finding defendant guilty of "assault with intent" did not authorize trial court to sentence defendant as though he had been convicted of assault with intent to commit rape, but only to sentence for the misdemeanor of simple assault.

Appeal from Oakland, Beasley (William R.), J. Submitted Division 2 May 10, 1968, at Lansing. (Docket No. 4,763.) Decided November 29, 1968. Rehearing denied January 20, 1969. Leave to appeal granted August 5, 1969. 382 Mich 772.

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 53 Am Jur, Trial §§ 1042, 1044, 1045.

Donald Lee Smith was sentenced for assault with intent to commit rape. Judgment modified and defendant discharged.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *S. Jerome Bronson,* Prosecuting Attorney, and *Dennis Donohue,* Assistant Prosecuting Attorney, for the people.

*John T. Rogers,* for defendant on appeal.

MOODY, J. Defendant Donald Lee Smith was sentenced on May 9, 1967 for assault with intent to commit rape. The crime was committed on October 23, 1966.

He was arrested and arraigned on a warrant charging him with assault, taking or attempting to take indecent liberties and statutory rape of a 12-year-old girl. At the arraignment, before the magistrate, the defendant requested and received an examination. At the conclusion of the examination, defendant was bound over to circuit court. The information charged two counts; indecent liberties[1] and statutory rape.[2]

The court's instructions to the jury included a recitation of the original information.

However, following the reading of the information, the court proceeded to refer to the two separate offenses, listing the offenses in reverse order; that is, indicating the offense of statutory rape first and that of indecent liberties second. The court also instructed the jury that there were five possible verdicts, as follows:

"1. Guilty of statutory rape.
"2. Guilty of assault with intent to commit rape.

---

[1] CLS 1961, § 750.336 (Stat Ann 1954 Rev § 28.568).
[2] CLS 1961, § 750.520 (Stat Ann 1954 Rev § 28.788).

"3. Guilty of taking indecent and improper liberties.

"4. Guilty of assault and battery.

"5. Not guilty."

After the jury returned with its verdict, the following conversation took place between the clerk and the jury foreman:

"*The Clerk:* Members of the jury, have you agreed upon a verdict? If so, let your foreman speak.

"*Jury Foreman:* We have agreed upon a verdict. We find the defendant not guilty on charge one, guilty on charge two.

"*The Clerk:* Members of the jury, listen to your verdict as recorded. You do say upon your oath that you find the respondent, Donald Lee Smith, guilty of the crime of the second count?

"*Jury Foreman:* On the second count.

"*The Clerk:* Indecent liberties, is that it?

"*Jury Foreman:* No, assault with intent.

"*The Clerk:* Assault with intent in the manner and form as the people have, in their information, charged, so say you, Mr. Foreman, so say you, all members of the jury?

"*The Jury:* We do."

The verdict rendered by the jury was "assault with intent." The offenses recited in the information were indecent liberties and statutory rape. The information did not charge "assault with intent." Defendant is presently serving a sentence of 5 to 10 years for assault with intent to commit rape.

The two leading cases in this jurisdiction are *Wilson* v. *People* (1872), 24 Mich 410, and *Wright* v. *People* (1876), 33 Mich 300. In both cases defendants were charged with assault with intent to murder. Jury verdicts of "assault with intent to kill" were set aside by the Michigan Supreme Court in the aforementioned cases.

In *Wright* v. *People, supra,* the Supreme Court stated:

"* * * [T]hat there being no such offense under our statutes as an assault with intent to kill, the statutory offense being an assault with intent to commit the crime of murder, this written verdict cannot be construed as a finding that defendant was guilty of anything more than an assault and battery; and that the sentence, therefore, was one not authorized by the verdict."

When an information contains more than one count, the verdict must specify of which offense the defendant is guilty. In *People* v. *Stuart* (1936), 274 Mich 246, the Court stated, at 248: "It is a matter of right that defendant should have knowledge and have a proper record made of the exact offense of which he was convicted."

The people maintain there is no Michigan precedent on the question, and assert that the overwhelming authority in the majority of jurisdictions in the United States establishes that a verdict is not void for uncertainty if its meaning can be determined by reference to the record.

Assuming the correctness of this position, we cannot reach the decision requested by the State. The record discloses that both the trial judge and clerk, while reading the counts charged in the information to the jury, reversed the order of the counts. The statement of the foreman and the attempt to clarify do not sufficiently describe the crime of assault with intent to commit rape. We cannot assume what the jury did not state or affirm.

There are five possible verdicts. When the verdict of the jury has sufficient language to sustain a lesser offense, such lesser offense is the limit of the verdict that may be accepted by the court. *Wright* v. *Peo-*

*ple, supra.* In the instant case, the verdict "assault with intent" describes no crime other than simple assault.

Defendant was sentenced as though he had been convicted of assault with intent to rape. That sentence was not authorized by the verdict. Simple assault is a misdemeanor. The defendant has already served more than the maximum sentence for the misdemeanor of simple assault.

The trial court's judgment is modified and the prisoner shall be discharged.

LESINSKI, C. J., and QUINN, J., concurred.