No. 23074.

Jerry O. Yeager *v*. The People of the State of Colorado.
(462 P.2d 487)

Decided December 15, 1969.

JANET K. SCHOEBERLEIN, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, JAMES F. PAMP, Assistant, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE MCWILLIAMS.

ONE Jerry O. Yeager, who will hereinafter be referred to as the defendant, was charged in the first count of a two count criminal information filed in the district court for Pitkin County with the unlawful sale of a narcotic drug, namely, cannabis, "with the intent to induce and aid another to unlawfully use and possess narcotic drugs," in violation of C.R.S. 1963, 48-5-20 (1). In the second count the defendant was charged with the unlawful possession of cannabis in violation of C.R.S. 1963, 48-5-2. Defendant was convicted by a jury on both counts of the information and sentenced to a term in the state penitentiary of from ten to twelve years on the first count, and to a term of from two to three years on the second count, both sentences to be served concurrently. By this writ of error the defendant seeks a reversal of the judgment and sentences thus imposed.

The defendant initially argues that his conviction on both counts should be reversed because "unlawful entrapment" was established as a matter of law and under such circumstance he claims that the trial court should have directed a verdict in his favor. We do not agree that the record shows entrapment as a matter of law and hence find this argument untenable.

It may well be argued that the defendant's testimony, standing alone, would perhaps equate to entrapment. However, the entire record must be considered and the testimony of one Michael Royce, a witness on behalf of the People, indicated that to the contrary there was no entrapment. The gist of Royce's testimony was that the defendant had merely been afforded the opportunity to transgress the law and that this is not the situation where a law enforcement officer has induced one who would not otherwise have committed a crime to violate the law. It was on conflicting evidence, then, that the issue of entrapment was submitted to the jury under an instruction defining entrapment to which neither party objected. We therefore perceive no error in the trial court's handling of this particular matter. For a more detailed discussion of the Colorado decisions bearing on entrapment, see *Gonzales v. People,* 168 Colo. 545, 452 P.2d 46.

The defendant also contends here that his conviction on the first count in the information should be reversed because of the form of the verdict returned by the jury. With this contention we are in accord.

The trial court gave the jury four forms of verdict: two forms of verdict relating to the first count, *i.e.,* guilty and not guilty "as charged in the First Count of the Information," and similar forms of verdict relating to the second count of the information. As concerns the second count, the jury signed the guilty form of verdict provided them by the court. However, as concerns the first count, the jury declined to sign either of the forms provided by the court, and proceeded to draw one of their

own. The form of verdict thus prepared and signed by the jury relating to the first count reads as follows:

"We, the jury duly empaneled and sworn in the above entitled cause, do upon our oaths, find the defendant guilty of unlawfully and feloniously selling a narcotic drug as charged in the first count of the information."

That the jury was having some difficulty with count one is evidenced by the fact that during their deliberation they sent a written question to the trial judge relating to the nature of the intent required to warrant a conviction under count one. The trial judge declined to answer this interrogatory, and informed the jury that the instructions already given adequately covered the matter. It was in this setting that the jury refused to sign either verdict submitted by the trial court relating to count one, and proceeded to draw one of their own.

In his motion for new trial the defendant asserted that the verdict returned by the jury in connection with the first count was legally insufficient for the reason that the "special form which it [the jury] composed deliberately did not include all the essential elements of the offense charged." In support of this motion the defendant filed the affidavits of two jurors who declared that as concerns the first count the jury intended to find the defendant guilty of merely the sale of a narcotic drug and did not intend to find that "the element of intent, as charged, had been proved." Upon hearing this motion was denied.

The record before us is unclear as to whether the trial judge struck the affidavits above referred to or took them into consideration when he denied the motion for new trial. Be that as it may, we agree with the Attorney General that in Colorado it is the general rule that a verdict may not be impeached in the manner here sought by the defendant. *Boyles v. People,* 90 Colo. 32, 6 P.2d 7. Hence in our disposition of this phase of the controversy we are disregarding the affidavits of the two jurors. In our view, however, the conviction under the

first count must nonetheless be reversed because of the verdict itself. And we reach this conclusion solely on the basis of the language used by the jury in its verdict, without resort to affidavits or other extraneity.

The material allegations in count one are the unlawful and felonious sale of a narcotic drug coupled with an intent on the part of the seller to thereby induce or aid another to unlawfully use or possess the narcotic drug. C.R.S. 1963, 48-5-20(1). In other words, the gravamen of the crime charged is not just the sale of a narcotic drug, but it is the sale plus a particular specific intent. The verdict prepared and returned by the jury relating to count one is at best, we believe, unclear as to whether the jury was finding that the defendant not only sold a narcotic drug but also possessed the particular specific intent above referred to.

In this regard the Attorney General argues that the inclusion by the jury in their verdict of the phrase "as charged in the first count of the information" means that the sale of the narcotic drug was determined by the jury to have been made in the manner described in count one. If that be the correct analysis of the situation, it is still a bit difficult to fathom why the jury nonetheless declined to sign the "guilty" form of verdict given them by the court. That would have been the obvious thing to do if the jury had really been of the view that the defendant was guilty "as charged in the First Count of the Information."

On the other hand, the defendant argues that the phrase "as charged in the First Count of the Information" is subject to the interpretation that the jury was of the view, and mistakenly so, that the first count of the information merely charged the defendant with the unlawful sale of a narcotic drug, irrespective of the intent with which the sale was made. And indeed, it could very well be said that by its choice of words the jury did in fact intend to find the defendant guilty of merely selling a narcotic drug and by its purposeful omission declined

to find that at the time of the sale he also intended to induce or aid another to use or possess the drug in question. In any event, when the language of the verdict permits such uncertainty, defendant's conviction cannot be permitted to stand.

██ A verdict in a criminal case should be certain and devoid of ambiguity. However, it need not follow strict rules of pleading or be otherwise technical, and a verdict is not subject to the charge of uncertainty if it is phrased in words which convey beyond a reasonable doubt the meaning and intention of the jury. *State v. Broadnax*, 216 La. 1003, 45 So. 2d 604. See Also 23 A C.J.S. § 1398, et seq. for a general discussion of this subject. We hold that in the instant case the verdict prepared and signed by the jury in connection with count one does not measure up to the aforesaid rule concerning certainty and definiteness.

The judgment and sentence as to count one is reversed and the matter remanded with the direction that any further proceedings as to count one be consonant with the views herein expressed.

The judgment and sentence as to count two is affirmed.

Mr. Justice Pringle, Mr. Justice Hodges, and Mr. Justice Groves concur.