[No. 203-3.   Division Three.   April 22, 1971.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHN RICHARD HURLEY, *Appellant.*

*Sid Wurzburg,* for appellant (appointed counsel for appeal).

*Donald C. Brockett, Prosecuting Attorney,* and *Jerry Neal, Deputy,* for respondent.

MUNSON, C.J.—Defendant was charged by an amended information alleging two counts, *i.e.,* robbery on December 4, 1969 and attempted robbery on December 11, 1969, both within the city of Spokane. He was convicted of the crime of robbery and acquitted of attempted robbery. His appeal raises *three* issues: (a) trial court error in denying defendant's motion for judgment notwithstanding the verdict based upon an inconsistency between a special interrogatory and the general verdict; (b) materiality of a leather belt admitted into evidence because of lack of probative value; and (c) improper identification procedures relating to the charge of attempted robbery which were inconsistent with *Gilbert v. California,* 388 U.S. 263, 18 L. Ed. 2d 1178, 87

S. Ct. 1951 (1967) and *United States v. Wade,* 388 U.S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926 (1967). We reverse, principally under (a) above.

The facts upon which the charges were brought are not pertinent to the appeal and need not be related herein. As to the first issue, the court gave instruction No. 3, an element instruction proposed by the state, as follows:

Before you can find the defendant, JOHN R. HURLEY, guilty of the crime of Robbery, as charged in Count I of the amended Information, you must find from the evidence in this case beyond a reasonable doubt all of the following elements which constitute the crime:

1. That the said defendant, JOHN R. HURLEY, on or about the 4th day of December, 1969, in the County of Spokane, State of Washington, did take personal property, to-wit: money of the United States of America from and in the immediate presence of DEBBRA JEAN WILSON;

2. That the taking of the said personal property from DEBBRA JEAN WILSON was against the will of DEBBRA JEAN WILSON, and was by means of force or violence or fear of immediate injury to her person;

3. That at the time of the taking of the personal property, the said DEBBRA JEAN WILSON had custody and control of the said personal property;

4. *That the defendant, John R. Hurley, at the time of the taking of the personal property from Debbra Jean Wilson was armed with a deadly weapon.*

If you find that any of the foregoing elements have not been established by the evidence of this case beyond a reasonable doubt, you must acquit the defendant of the crime of robbery, but if you find all of these elements have been established by the evidence of this case, beyond a reasonable doubt, you must find the defendant to be guilty as charged in Count I of the amended Information.

(Italics ours.)

The court also gave the appropriate instructions and special interrogatory, required by RCW 9.95.015. These instructions and the interrogatory were solely for the use of the Board of Prison Terms and Paroles in fixing a minimal term of confinement. *State v. Jackson,* 70 Wn.2d 498, 424

P.2d 313 (1967); *State v. Slaughter,* 70 Wn.2d 935, 425 P.2d 876 (1967).

The jury found defendant guilty of robbery on count 1 but answered the special interrogatory in the negative, *i.e.,* he was not armed with a deadly weapon at the time of the occurrence. Thus an inconsistency exists between the special interrogatory and that portion of instruction No. 3 requiring the jury to be satisfied beyond a reasonable doubt defendant was armed with a deadly weapon. Instruction No. 3 became the law of the case having been given without exception. While both counsel were present at the time the verdict was received, apparently neither realized the import of this inconsistency at that time. On posttrial motion, however, defendant did raise the inconsistency and asked for judgment n.o.v. Such motion was denied.

■ Unlike *State v. Redden,* 71 Wn.2d 147, 426 P.2d 854 (1967), *State v. Slaughter, supra,* and *State v. Jackson, supra,* the specific instruction No. 3 required the jury to find, before returning a verdict of guilty, that defendant was armed with a *deadly* weapon. Other instructions given by the court correctly set forth the statutory definition of the crime of robbery, without alluding to the use of a deadly weapon, and further stated the deadly weapon aspect was to be considered only after a finding of guilt. Thus, the instructions created on area of confusion which may well account for the inconsistency. This inconsistency could have been corrected, but was not, before discharge of the jury. It is the duty of the court and the prosecuting officer to look after the form and substance of the verdict returned so as to prevent an unintelligible, ambiguous or insufficient verdict from passing into the records of the court. *Cf. Hayes v. State,* 214 So. 2d 708 (Ala. 1968); *State v. Hemphill,* 273 N.C. 388, 160 S.E.2d 53 (1968).

■ While we find the inconsistency between the interrogatory and the instruction cannot be overlooked without a strained interpretation of the record, we do not find defendant entitled to a judgment notwithstanding the verdict. The verdict was void because of the ambiguity created by

the instructions and the inconsistency arising from the answer to the special interrogatory. The posture of the case was the same as if the jury had returned no verdict at all and a mistrial had been declared. *People v. Young,* 20 Mich. App. 211, 173 N.W.2d 793 (1969); *Cook v. United States,* 379 F.2d 966, 970 (5th Cir. 1967). Hence, the judgment and sentence was a nullity.

Inasmuch as defendant raises other assignments of error which may arise on a retrial, we shall summarily discuss them.

As to the second issue, the state introduced a leather belt which defendant was wearing at the time of his arrest. From the evidence this belt was not used for any purpose, such as holding up his trousers, it having been located several inches above the waistline of his trousers at the time of his arrest; nor were there any appurtenances such as a holster or other paraphernalia attached to the belt. The state's basis for admissibility was that there were scratch marks on the inside of the belt from which they inferred the belt was utilized to hold a weapon, *i.e.,* the scratch marks occurring when the weapon was removed from its holding place. Unfortunately, there is no testimony on either count evidencing defendant was wearing a belt at the time of either incident. Considering the type of attire prevalent on our streets today, the mere fact a person was wearing a belt several inches above his trousers in and of itself has no probative value. The belt should not have been admitted.

As to the assignment of error relating to the identification process, that evidence went to the charge of attempted robbery upon which defendant was acquitted and will not reoccur.

Judgment is reversed and the case is remanded for new trial.

Green and Evans, JJ., concur.
Petition for rehearing denied May 3, 1971.
Review denied by Supreme Court June 9, 1971.