PEOPLE *v.* T. J. SMITH

1. Criminal Law—Trial—Defense's Opening Statement.

Failure of defendant's counsel to make any opening remarks before presenting the defense to the jury, although counsel had previously indicated to the court that he desired to withhold his opening remarks did not constitute error, especially where defendant does not contend that he was prejudiced by this procedure.

2. Criminal Law—Witnesses—Indorsed Witnesses—Waiver of Production.

Prosecutor's failure to offer at trial all witnesses who were indorsed on the information did not constitute error where defense counsel expressly waived production of these witnesses.

Appeal from Recorder's Court of Detroit, Frank G. Schemanske, J. Submitted Division 1 March 16, 1971, at Grand Rapids. (Docket No. 11068.) Decided April 30, 1971.

T. J. Smith was convicted of larceny in a store. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Marshall C. Disner,* for defendant on appeal.

---

References for Points in Headnotes

[1] 53 Am Jur, Trial §§ 69, 452, 454.
[2] 41 Am Jur 2d, Indictments and Informations § 60.

Before: Holbrook, P. J., and Fitzgerald and T. M. Burns, JJ.

Per Curiam. Defendant was tried by a jury and convicted on the charge of larceny in a store contrary to MCLA § 750.360 (Stat Ann 1954 Rev § 28-.592). On April 28, 1970, he was sentenced to a term of 2-1/2 to 4 years imprisonment by Judge Donald S. Leonard sitting in the absence of Judge Frank G. Schemanske of the Recorder's Court. With the assistance of court-appointed appellate counsel, a timely claim of appeal has been filed and grounded on three allegations of error. First, it is contended that reversible error occurred when defense counsel failed to make an opening statement. Second, it is contended that the jury returned an improper verdict. Third, it is contended that reversible error occurred when the lower court failed to obtain a proper waiver from the defendant of his right to confront all of the witnesses against him. The people have filed a motion to affirm the conviction and sentence.

At the commencement of trial defense counsel indicated to the court that he desired to withhold opening remarks. Although the record demonstrates that defense counsel failed to make any opening remarks before presenting the defense to the jury, no authority has been presented which suggests that this procedure was error. Moreover, the defendant does not contend nor does the record suggest that the defense was prejudiced by this procedure.

Defendant's second contention is grounded on the rule enunciated in *People* v. *Smith* (1968), 14 Mich App 502, that when a verdict of a jury has sufficient language in it to sustain a lesser offense, such lesser offense is the limit of the verdict that may be ac-

cepted by the court. Contrary to the contention of the defendant, the record of the verdict in this case clearly indicates that the jury returned a verdict of guilty as to the original charge of larceny in a store.

The final contention of the defendant is that reversible error occurred when the prosecutor failed to offer at trial all witnesses who were indorsed on the information. The record demonstrates that defense counsel expressly waived the production of these witnesses. The issue is without merit.

The motion to affirm is granted.