[No. 6815-1.   Division One.   September 24, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. JOSEPH LEO WEDNER, *Appellant.*

*Dennis M. Hindman,* for appellant.

*David S. McEachran, Prosecuting Attorney,* and *Charles J. Tull, Deputy,* for respondent.

WILLIAMS, J.—Joseph Leo Wedner appeals his conviction of second–degree assault, raising as the sole issue the question of whether the general and special verdicts are irreconcilably inconsistent. We believe that they are and remand for a new trial.

One of the elements in the "to convict" instruction required to be proven beyond a reasonable doubt is the following:

That the defendant committed the act knowingly and with a weapon or other instrument or thing likely to produce bodily harm, *to–wit; a Colt Mark IV 45 caliber pistol;* . . .

(Italics ours.) Instruction No. 4(2).

The court also instructed the jury that:

A person commits the crime of Assault in the Second Degree when he knowingly assaults another with a weapon or other instrument or thing likely to produce bodily harm.

Instruction No. 5.

In response to an interrogatory authorized by RCW 9.95-.015 the jury found specially that Wedner was not in possession of or armed with a firearm when the crime was committed.

This guiding principle was adopted in *State v. Kimball,* 14 Wn. App. 951, 954, 546 P.2d 1217 (1976) quoting *Spokane & I.E.R.R. v. Campbell,* 241 U.S. 497, 502, 60 L. Ed. 1125, 36 S. Ct. 683 (1916):

The rule established by decisions of the Supreme Court of the State is that where the general verdict and the special findings can be harmonized by taking into consideration the entire record of the cause including the evidence and the instructions to the jury, and construing it liberally for that purpose, it is the duty of the court to harmonize them, and that where a special finding is susceptible of two constructions, one of which will support the general verdict and the other

will not, that construction shall be adopted which will support the general verdict.

Where, however, an ambiguity is created by the instructions setting forth the elements of the crime charged and the special verdict cannot be reconciled with the general verdict, the judgment is void. *State v. Hurley,* 4 Wn. App. 781, 483 P.2d 1274 (1971).

Such is this case. Under instruction No. 4, the jury was required to find that Wedner was armed with a Colt Mark IV .45 caliber pistol in order to convict him of second–degree assault. Because instruction No. 5 did not specify that Wedner had to be so armed in order to be found guilty, an ambiguity was created. The verdict is void because of this ambiguity and the irreconcilable inconsistency arising from the answer to the special interrogatory that Wedner was not in possession or armed with a firearm when the crime was committed. Accordingly, a new trial must be granted. *State v. Hurley, supra.*

Reversed and remanded for a new trial.

CALLOW, C.J., and SWANSON, J., concur.

Reconsideration denied December 19, 1979.

Review denied by Supreme Court February 22, 1980.