Donna HAGBERG, Appellant,

v.

STATE of Alaska, Appellee.

No. 4340.

Supreme Court of Alaska.

Feb. 21, 1980.

Deborah A. Paquette, Asst. Public Defender, Brian C. Shortell, Public Defender, Anchorage, for appellant.

William L. Mackey, Dist. Atty., Kodiak, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

## OPINION

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

BOOCHEVER, Justice.

Donna Hagberg appeals a condition of probation that was imposed by the superior court in connection with her conviction for petty larceny. She claims that the condition, requiring her to pay $200.00 restitution to the owners of jewelry that she took, was improper. We disagree.

In February 1978, Hagberg and her brother moved into a house in Kodiak owned by Tom and Cynthia Gregoire. Cynthia was out of Alaska at this time, so Hagberg sometimes wore Cynthia's jewelry to work. When Cynthia returned, two months after Hagberg had moved out, she discovered that about fourteen items of her jewelry, which she evaluated at $700.00, were missing. Hagberg was contacted and returned seven items on June 16, 1978 explaining that she had mistakenly taken them when she moved out and had intended to return them. She disclaimed any knowledge of the remaining items. We note that the returned and missing items were given values of $200.00 and $500.00 respectively by Mrs. Gregoire.

On June 29, 1978, Hagberg was indicted for grand larceny.[1] She was convicted of petty larceny; the jury, by special interrogatory, said that only a theft of property worth less than $250.00, had been proven. Hagberg was sentenced to ninety days, with sixty suspended, and was placed on probation for one year. One condition of her probation required her to make restitution to the Gregoires in the amount of $250.00.

Hagberg made a timely motion to modify her sentence, claiming that the restitution condition was illegal, since she had already returned the jewelry she was found to have stolen. The state opposed her motion. The court reduced the unsuspended incarceration to fifteen days, and lowered the amount of restitution to $200.00, but did not delete the condition altogether, as Hagberg had requested.

AS 12.55.100(a)(2) states that a defendant placed on probation may be required "to make restitution or reparation to aggrieved parties for actual damages or loss caused by the crime for which conviction was had." In *Sprague v. State*, 590 P.2d 410, 415 (Alaska 1979), we held that this statute, construed under the principle of *expressio unius est exclusio alterius*, precluded the award of punitive damages to the victim of a burglary. Therefore, we must determine whether Hagberg was ordered to pay Mrs. Gregoire a sum in excess of the value of the unreturned jewelry found by the jury to have been wrongfully taken.

This, in turn, is dependent on an analysis of the jury's guilty verdict for a taking of property worth less than $250.00. Essentially the jury may have convicted Hagberg by several approaches: (1) the jury didn't believe the valuation of the missing proper-

1. Grand larceny involves the theft of property exceeding $250.00 in value, and is punishable by one to ten years' incarceration. Petty larceny, involving property worth $250.00 or less, is punishable by one month to one year of incarceration and a fine of not less than $25.00 or more than $250.00. AS 11.20.140.

ty ($500.00) and found Hagberg guilty of petty larceny for the missing property, but not guilty of larceny with respect to the seven returned items; (2) the jury accepted the valuations and believed that Hagberg was guilty of petty larceny with respect to the returned items, but not guilty of larceny with respect to the missing items; (3) the jury disbelieved the valuation of the entire collection and found Hagberg guilty of petty larceny for all items listed in the complaint.

■ The first hypothetical jury decision would allow restitution since presumably actual loss had occurred to the aggrieved party. The second jury decision would not, since the jewelry found to have been taken would have been returned, and Hagberg would not have been found guilty of wrongfully taking the remaining items. The third jury decision might allow some restitution since the jury would have valued the entire collection at or less than $250.00 which would have to be prorated between the returned and unreturned jewelry. The court could order restitution for the reasonable value of the unreturned portion.

At sentencing, the court stated:

the testimony that I heard here during this trial, it appears that the victims in this case are out some $500, if their estimates of value are accurate. And since you were only convicted of petty larceny, I can't refer you to pay—or reimburse them for that amount. I think I'd be limited to the maximum value that the jury found of the property taken which would be $250.

The court seems to have considered the verdict to indicate that Hagberg had been found guilty of taking the unreturned items. She was ordered to make restitution in the sum of $250.00.[2]

■ A judge has a wide range of discretion in sentencing,[3] and we shall not find a sentence to be illegal if there is a reasonable and valid basis for its imposition. Here the judge could have imposed a sentence of up to one year in jail and a fine of up to $250.00. Requiring restitution, rather than a fine, was to Hagberg's advantage, since it would reduce any possible civil liability to Gregoire. Hagberg was afforded a presumption of innocence and was proved guilty beyond a reasonable doubt before she was found guilty, so those doctrines are not involved here, where the only question is whether restitution could be ordered in an amount less than the sum that could have been ordered paid to the state as a fine. Nor is there any question as to what degree of larceny was involved. No substantial rights of the defendant are affected. The only question is whether the court was legally authorized to order restitution. Under these circumstances, since the result reached by the trial court is based on a reasonable interpretation of the jury verdict, we cannot say the judge erred in ordering restitution in the amount of $200.00.[4]

AFFIRMED.

---

2. At the motion of the defendant to modify the sentence by elimination of the restitution condition, the trial court instead reduced the restitution condition to $200.00. There was no explanation by the trial court for its $50.00 reduction.

3. In *Hughes v. State*, 513 P.2d 1115 (Alaska 1973), we said that the trial court would not be overturned because it had a *"reasoned basis"* for its decision and was not clearly mistaken (emphasis added), 513 P.2d at 1122. In *Padie v. State*, 594 P.2d 50 (Alaska 1979), and *Newsom v. State*, 533 P.2d 904 (Alaska 1975), we stated that a sentencing court retains broad discretion in sentencing.

4. The state also claims that the restitution condition was reasonable because it bore a rational "nexus" to Hagberg's offense. It refers us to *State v. Foltz*, 513 P.2d 1208 (Or.App.1973), which upheld, under a statute similar to AS 12.55.100(a)(2), a $2,600.00 restitution requirement as a condition of probation for Foltz, who pleaded guilty to the attempted theft of $120.00. Or.Rev.Stat. § 137.540(10) provides for probation conditioned on restitution "for the damage or loss caused by the offense." We note that this statute has since been revised to Or.Rev.Stat. § 137.540(1)(j). There is little discussion in *Foltz* of its holding, and that holding speaks of "conditioning probation upon restitution of the amount *actually taken.*" 513 P.2d at 1210 (emphasis added). Foltz elected not to designate as part of the record on appeal the full record of the sentencing proceedings. It appears that *Foltz* was probably a plea bargain case, and it seems likely that the evidence established, or Foltz admitted, total liability of

RABINOWITZ, Chief Justice, dissenting.

I cannot agree that a reasonable basis test is appropriate for resolution of this appeal. The jury's verdict in this case was, as the majority notes, ambiguous. This ambiguity did not go to the finding of guilt but went rather to the factual basis upon which the specific offense was grounded. The majority opinion details the three possible factual bases for the guilty verdict. The second of these advanced is that the petty larceny was with respect to the returned items only and that Hagberg was not guilty with respect to the missing items. If that is the factual basis upon which the jury convicted, Hagberg cannot be required to pay any restitution for the victim has incurred no actual loss as to those items. By returning these items of jewelry, Hagberg has compensated Gregoire for her actual loss.

The majority concludes that since the jury might have based its judgment on other factual premises the superior court therefore had a reasonable basis for ordering restitution. In my view such a conclusion does not square with the doctrines of presumption of innocence and the prosecution's burden of proving guilt beyond a reasonable doubt. Here the ambiguous verdict creates a reasonable doubt whether or not the larceny for which Hagberg was convicted involved the nonreturned jewelry. When a verdict is ambiguous as to degree of crime committed, it has been held that the lesser degree is to be imposed.[1] Given the constitutional protections of the presumption of innocence and the requirement of proof beyond a reasonable doubt, I am of the view that the sentencing court in the instant case was precluded from indulging in speculation as to the meaning of the ambiguous verdict.

Verdicts in criminal cases should be certain and devoid of ambiguity.[2] Here the jury unambiguously found Hagberg guilty of the crime of petty larceny. The latent ambiguity goes only to the factual basis of the conviction and has relevance only as to the superior court's authority to order restitution. While the judgment of conviction is not invalid I would hold that the ambiguity concerning the factual basis for the jury's verdict precluded imposition of a restitution requirement by the superior court.

$2,600.00. That is not the situation in the case at bar.

1. See In re Harris, 67 Cal.2d 876, 64 Cal.Rptr. 319, 434 P.2d 615, 619 n. 6 (1967) (Cal.Penal Code § 1157 provides that a failure to determine degree shall be deemed to be lesser); People v. Smith, 14 Mich.App. 502, 165 N.W.2d 640, 642 (1968) (ambiguity as to verdict of "assault with intent" held to describe simple assault and not "assault with intent to rape").

2. Yeager v. People, 170 Colo. 405, 462 P.2d 487 (1969); Davis v. State, 273 N.C. 533, 160 S.E.2d 697 (N.C.1968).