[No. 7152-1-I. Division One. February 25, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. BYRON JAMES BERGE, *Appellant.*

434

*Jacob Cohen,* for appellant (appointed counsel for appeal).

*David F. Thiele, Prosecuting Attorney,* for respondent.

DORE, J.—Byron James Berge appeals his conviction of first–degree murder.

## ISSUES

1. Did the evidence support a conviction for first–degree murder as charged under RCW 9A.32.030(1)(b)?

2. Did the trial court err in refusing to give the jury a first–degree manslaughter instruction?

## FACTS

In the early morning of August 25, 1978, Byron James Berge shot and killed George Kupper as he slept in Berge's living room. Berge testified at trial that before returning home he had voluntarily ingested cocaine and, as a result, he thought Kupper was a Russian KGB agent with the power to drain Berge's psychic energy and powers. He also testified that he attempted to kill Kupper with an unloaded pistol and when it failed to fire, he went to his bedroom, picked up a rifle, loaded it with a 30–shot clip, returned to the living room and fired all 30 shots into and around the victim. It was the opinion of three defense psychiatrists

that at the time the crime was committed, Berge suffered from a toxic paranoid psychosis.

The State charged Berge with first–degree murder under RCW 9A.32.030(1)(b), which states:

(1) A person is guilty of murder in the first degree when:

. . .

(b) Under circumstances manifesting an extreme indifference to human life, he engages in conduct which creates a grave risk of death to any person, and thereby causes the death of a person; . . .

The trial court denied Berge's motion to dismiss the case on the ground that the evidence did not support the crime as charged.

The jury was instructed as follows:

1) A person commits the crime of murder in the first degree when, under circumstances manifesting an extreme indifference to human life, he engages in conduct which creates a grave risk of death to any person and thereby causes the death of a person.

2) A person may commit the crime of murder in the second degree in either of the following ways: a) When with intent to cause the death of another person, but without premeditation, he causes the death of such person or a third person; b) When he commits assault in the second degree and in the course of, and in furtherance of such crime he causes the death of a person other than one of the participants. Assault in the second degree means to knowingly inflict grievous bodily harm upon another, with or without a weapon.

Berge requested an instruction on manslaughter in the first degree which was refused by the trial court. Instruction No. 7 stated:

No act committed by a person while in a state of voluntary intoxication is less criminal by reason of that condition, but whenever the actual existence of any particular mental state is a necessary element to constitute a particular kind or degree of crime, the fact of intoxication may be taken into consideration in determining such mental state.

Berge appeals, arguing that the evidence did not support a conviction for first–degree murder as charged and that the trial court erred by refusing his requested jury instruction concerning first–degree manslaughter.

## DECISION

ISSUE 1: The evidence does not support a conviction of first–degree murder, as charged under RCW 9A.32.030(1)(b), and a new trial must be granted.

The predecessor to RCW 9A.32.030(1)(b) was RCW 9.48-.030(2), which made the killing of a human being "[b]y an act imminently dangerous to others and evincing a depraved mind, regardless of human life, without a premeditated design to effect the death of any individual" murder in the first degree. Where an act causing a person's death was specifically aimed at and inflicted upon a particular person and none other, the perpetrator could not properly be convicted of first–degree murder under this section of RCW 9.48.030. *State v. Mitchell*, 29 Wn.2d 468, 188 P.2d 88 (1947).

The court in *Mitchell* relied heavily upon the case of *Darry v. People*, 10 N.Y. 120 (1854), which contained three opinions arriving at the same result and a dissent. While *Darry* emphasizes the language "dangerous to others," the second opinion of the New York court is also extensively and favorably quoted in *Mitchell* and focuses upon the language "evincing a depraved mind, regardless of human life" which is similar to "manifesting an extreme indifference to human life" contained in RCW 9A.32.030(1)(b). That opinion states in relevant part:

"The act must evince a depraved mind, *regardless of human life*. These words are exactly descriptive of general malice, and cannot be fairly applied to any affection of the mind having for its object a *particular individual*. They define general recklessness, and are not pertinent to describe cruelty to an individual. The act by which the death is effected must *evince* a disregard to human life.

Now, a brutal assault upon an individual may evince animosity and hate towards that person, and a cruel and revengeful disposition, but it could not properly be said to be evidence of a recklessness and disregard of human life generally. . . ."

(Some italics ours.) *State v. Mitchell, supra* at 477 (quoting *Darry v. People, supra*).

■ Although the new statute, RCW 9A.32.030(1)(b), removes the requirement that more than one person be endangered, *see* Comment, WPIC 26.05, 11 Wash. Prac. 157 (1977), its purpose remains the same. As we read the homicide statutes, the legislature intended that one who kills with the intent to cause the death of a particular individual be charged with murder in the first degree, pursuant to RCW 9A.32.030(1)(a),[1] or murder in the second degree, as defined in the instruction given by the trial court.[2] As other statutory provisions cover acts directed at a *particular* individual or individuals, we shall assume that the legislature intended RCW 9A.32.030(1)(b) to provide for those situations indicating a recklessness and extreme indifference to human life *generally*. The record reveals that Berge's violent attack was *specifically* directed at a particular victim. Therefore, he should have been charged and tried pursuant to RCW 9A.32.030(1)(a), not RCW 9A.32-.030(1)(b), and consequently a new trial must be granted. *State v. Mitchell, supra*.

ISSUE 2: The trial court erred by refusing to instruct the jury on first–degree manslaughter as Berge requested.

Berge argues that because there was testimony that he was not capable of forming a specific intent to commit an act of murder, his proposed manslaughter instruction should have been given.

---

[1] "(a) With a premeditated intent to cause the death of another person, he causes the death of such person or of a third person;"

[2] See page 435.

The State argues that because the testimony did not establish that the defendant's mental condition diminished or destroyed the capacity to form the specific intent to kill, the instruction was properly refused. The State also contends that because Berge was found guilty of first–degree murder where an instruction was given concerning second–degree murder, refusal to instruct the jury on manslaughter was harmless error.

Mental irresponsibility induced by voluntary intoxication does not raise the defense of insanity. *State v. Brantley,* 11 Wn. App. 716, 525 P.2d 813 (1974). RCW 9A.16.090, however, allows the jury to take the fact of intoxication into consideration whenever a particular mental state is a necessary element of the crime charged. *State v. Norby,* 20 Wn. App. 378, 579 P.2d 1358 (1978).

■ Instruction No. 7 became the law of the case having been given without exception. *State v. Hurley,* 4 Wn. App. 781, 483 P.2d 1274 (1971). Under this instruction, the jury was allowed to consider Berge's voluntary intoxication in determining whether he was able to form the particular mental state necessary for a conviction of first– or second–degree murder.[3]

---

[3]No exception was taken to the second–degree murder portion of instruction No. 4 and it too became the law of the case. *State v. Hurley, supra.* RCW 9A.32-.050 states in relevant part that: ·

"A person is guilty of murder in the second degree when:

"(a) With *intent* to cause the death of another person but without premeditation, he causes the death of such person or of a third person; or

"(b) He commits or attempts to commit any felony other than those enumerated in RCW 9A.32.030(1)(c), and, in the course of and in furtherance of such crime or in immediate flight therefrom, he, or another participant, causes the death of a person other than one of the participants . . ."

(Italics ours.) The felony relied upon by the State in order to convict under RCW 9A.32.050(b) was second–degree assault, RCW 9A.36.020(1)(b), which in order to convict requires the defendant to "*knowingly* inflict grievous bodily harm upon another". (Italics ours.) Because murder in the second degree requires mental states not included in first–degree murder under RCW 9A.32.030(1)(b), it is theoretically not a lesser included offense of this form of first–degree murder. Therefore, the second–degree murder instruction need not have been given.

 Manslaughter in the first degree is a lesser included offense of murder in the second degree. *State v. Moore,* 61 Wn.2d 165, 377 P.2d 456 (1963). The crime requires that the defendant act recklessly which is a lesser mental state than those necessary to convict for murder in the second degree as defined in the instructions.[4] RCW 9A.08.010. Because the jury was instructed that it could consider whether Berge's voluntary intoxication negated his ability to form the particular mental states necessary to convict for first–degree or second–degree murder, the requested first–degree manslaughter instruction should have been given. *State v. Norby, supra.*

In view of our disposition of the first issue, we do not consider the State's argument that failure to so instruct the jury was harmless error.

Reversed and remanded for new trial.

JAMES, A.C.J., and RINGOLD, J., concur.

Reconsideration denied April 17, 1980.

Review denied by Supreme Court October 10, 1980.

---

[4]A person is guilty of manslaughter in the first degree when "[h]e *recklessly* causes the death of another person". (Italics ours.) RCW 9A.32.060. When one acts with intent or knowledge he necessarily acts with recklessness. RCW 9A.08.010.