[No. 57478-2.   En Banc.   October 17, 1991.]

THE STATE OF WASHINGTON, *Petitioner,* v. JOHN E. DUNBAR, ET AL, *Respondents.*

*John W. Ladenburg, Prosecuting Attorney,* and *Kyron Huigens, Deputy,* for petitioner.

*John C. Galbraith,* for respondent Dunbar.

*Monte E. Hester* and *Wayne C. Fricke,* for respondent Smullen.

*Gene M. Grantham* on behalf of Washington Association of Criminal Defense Lawyers, amicus curiae for respondents.

DOLLIVER, J. — The State challenges the dismissal by the trial court of one of two alternative counts of attempted first degree murder. The trial court found first degree murder by creation of a grave risk of death lacks the specific intent necessary to support the crime of attempt.

Defendants John E. Dunbar and Orville H. Smullen were charged with attempted first degree murder. The charges grew out of what was believed to be a gang-related, drive-by shooting in Tacoma, Washington. Defendants allegedly fired four to six shots from a moving car into a crowd standing in a parking lot. No one was injured by any of the bullets.

The information alleged the defendants committed attempted first degree murder by one or both of two alternative means: premeditation, RCW 9A.32.030(1)(a), or extreme indifference creating a grave risk of death, RCW 9A.32.030(1)(b). Both defendants moved to dismiss the count charging attempted murder by creation of a grave risk of death on the ground one cannot attempt a nonintent crime. The trial court granted defendants' motion. The court concluded RCW 9A.32.030(1)(b) requires a state of mind somewhere between intent and recklessness. Therefore, the court ruled the charge of attempted murder by creation of a grave risk of death must be dismissed because a crime lacking any element of intent cannot be attempted.

The State sought and was granted a stay of the trial by the Court of Appeals. After the Court of Appeals determined the decision was appealable, the State then sought and received a ruling transferring review of the case to this court.

Two statutory provisions are central to the adjudication of this case. The first is the first degree murder statute which provides, in part, a person commits first degree murder when:

> Under circumstances manifesting an extreme indifference to human life, he engages in conduct which creates a grave risk of death to any person, and thereby causes the death of a person . . ..

Former RCW 9A.32.030(1)(b). The second relevant statute is the attempt statute which provides:

> A person is guilty of an attempt to commit crime if, with intent to commit a specific crime, he does any act which is a substantial step toward the commission of that crime.

RCW 9A.28.020(1). All parties concede one may not attempt a nonintent crime. Where a crime is defined in terms of acts causing a particular result, a defendant charged with attempt must have specifically intended to accomplish that criminal result. W. LaFave & A. Scott, *Criminal Law* § 6.2(c), at 500 (2d ed. 1986). Therefore, in order to serve as a basis for the crime of attempt, a crime defined by a particular result must include the intent to accomplish that criminal result as an element. *Commonwealth v. Griffin*, 310 Pa. Super. 39, 50-51, 456 A.2d 171 (1983); *People v. Foster*, 19 N.Y.2d 150, 153, 225 N.E.2d 200, 278 N.Y.S.2d 603 (1967).

█ The crime of murder is defined by the result of death, RCW 9A.32.030, and the rule is well established that the crime of attempted murder requires the specific intent to cause the death of another person. Any lesser mental state, such as recklessness, will not suffice. LaFave and Scott state:

> [O]n a charge of attempted murder it is not sufficient to show that the defendant intended to do serious bodily harm, that he acted in reckless disregard for human life, or that he was committing a dangerous felony. Again, this is because intent is needed for the crime of attempt, so that attempted murder requires an intent to bring about that result described by the crime of murder (i.e., the death of another).

(Footnotes omitted.) W. LaFave & A. Scott § 6.2(c), at 500-01. *See also* R. Perkins & R. Boyce, *Criminal Law* 638 (3d ed. 1982) ("while a person may be guilty of murder though there was no actual intent to kill, he cannot be guilty of an attempt to commit murder unless he has a specific intent to kill"); 4 C. Torcia, *Wharton on Criminal Law* § 743, at 572 (14th ed. 1981) ("[a]lthough a murder may be committed without an intent to kill, an attempt to commit murder requires a specific intent to kill").

Similarly, courts from other jurisdictions almost uniformly require a specific intent to kill. The Wisconsin Supreme Court explained:

Homicide by reckless conduct does not require any intent to attain a result which if accomplished would constitute a crime; and consequently, one cannot attempt to commit a crime which only requires reckless conduct and not a specific intent.

*State v. Melvin*, 49 Wis. 2d 246, 250, 181 N.W.2d 490 (1970). *See also State v. Johnson*, 103 N.M. 364, 369, 707 P.2d 1174 (1985); *Merritt v. Commonwealth*, 164 Va. 653, 660, 180 S.E. 395 (1935) ("while a person may be guilty of murder though there was no actual intent to kill, he cannot be guilty of an attempt to commit murder unless he has a specific intent to kill"). *Cf. Griffin*, 310 Pa. Super. at 52 ("in order to convict a person of attempted murder, an intent to kill must be shown").

Although the State fails to argue this point, a very small minority of other jurisdictions have declined to require the intent to kill as an element of attempted murder. In particular, the Colorado Supreme Court has recognized the crime of attempted murder by creation of a grave risk of death under a statute similar to our own. *People v. Castro*, 657 P.2d 932 (Colo. 1983). Even though the court recognized the statute required no actual intent to kill, the court concluded the intent to engage in conduct creating a grave risk of death was sufficient. *Castro*, 657 P.2d at 938. The court relied heavily on the Colorado statute which defined "intentionally" as the "conscious object to cause that result *or* to engage in that conduct". (Italics ours.) *Castro*, 657 P.2d at 938 (citing former Colo. Rev. Stat. § 40-1-601(6) (Perm. Supp. 1971)). By contrast, our own statutory definition provides:

A person acts with intent or intentionally when he acts with the objective or purpose to accomplish *a result* which constitutes a crime.

(Italics ours.) RCW 9A.08.010(1)(a). The attempt statute makes use of this definition by requiring the "intent to commit a specific crime". RCW 9A.28.020(1). Therefore, the

crime of attempt requires the actor to act with the objective or purpose of accomplishing a specific criminal result. With respect to the crime of murder by creation of a grave risk of death, conduct creating a grave risk of death is not the criminal result. The completed crime requires a resulting death. Therefore, we agree with the parties and hold first degree murder by creation of a grave risk of death will support an attempt charge only if the underlying murder statute requires the intent to kill as an element.

■ The sole issue argued by the parties in this case is whether first degree murder by creation of a grave risk of death as defined by RCW 9A.32.030(1)(b) requires the specific intent to kill. Our understanding of the statute itself, the legislative history, and the overall structure of the homicide statutes leads us to conclude it does not.

RCW 9A.32.030(1)(b) was enacted in 1975 to replace the former RCW 9.48.030(2), which provided:

> The killing of a human being, unless it is excusable or justifiable, is murder in the first degree when committed either —
>
> . . . .
>
> (2) By an act imminently dangerous to others and evincing a depraved mind, regardless of human life, without a premeditated design to effect the death of any individual . . .[.]

In construing former RCW 9.48.030(2), we joined the majority of other jurisdictions in concluding the statute required only a mental state of general recklessness. *State v. Mitchell*, 29 Wn.2d 468, 476-77, 188 P.2d 88 (1947) (quoting *Darry v. People*, 10 N.Y. 120 (1854)).

The State now argues the Legislature intended to impose the higher mental state of intent when it revised the statute in 1975. We have previously concluded the Legislature did not intend to change the type of circumstance toward which the statute was directed. *State v. Anderson*, 94 Wn.2d 176, 187-88, 616 P.2d 612 (1980); *see also State v. Berge*, 25 Wn. App. 433, 437, 607 P.2d 1247 (1980). We now reaffirm that holding. The proceedings

before the Senate Judiciary Committee indicated the revised statute was not intended to change the existing law. Bill Analysis Form (Feb. 28, 1975), SSB 2092, at 2, 43d Legislature (1973). Instead, the revision was intended simply to modernize the antiquated "evincing a depraved mind" language by changing it to "manifesting an extreme indifference". Partial Transcript of Senate Judiciary Committee Meeting (Jan. 16, 1975), at 1 (Jud. Comm. Trans.). As envisioned by the Legislature, the modernized statute did not require a specific intent to kill. Pat Aitken of the Washington State Bar Association Task Force on the Criminal Code testified before the Senate Judiciary Committee:

> We are talking about situations such as the Bellevue sniper firing at people indiscriminately, hitting a couple of them; tossing a bomb into a room with complete indifference as to whether it goes off . . ..

Jud. Comm. Trans., at 9. We do not equate "manifesting an extreme indifference" with a specific intent to kill. Rather, we construe RCW 9A.32.030(1)(b) to require an aggravated form of recklessness which falls below a specific intent to kill.

Our conclusion is consistent with the overall structure of the homicide statutes. Contrary to the State's argument, all forms of first degree murder do not imply an intent to kill. We have previously held an intent to kill is not an element of felony murder. *State v. Wanrow*, 91 Wn.2d 301, 311, 588 P.2d 1320 (1978). Only the premeditated murder statute expressly requires the mental state of intent. The alternative forms of first degree murder fail to use expressly any of the statutorily defined mental states. RCW 9A.32.030. We are unwilling to imply a requirement of intent where the phrase "extreme indifference" appears to contemplate a lesser mental state. Furthermore, the imposition of an intent requirement in RCW 9A.32.030(1)(b) would risk rendering the provision duplica-

tive and preemptive of second degree murder. *See Anderson,* 94 Wn.2d at 190-91. We note the irony of the State's position in that its analysis would require proof of an actual intent to kill whenever first degree murder by creation of a grave risk of death under RCW 9A.32.030(1)(b) is charged.

■ The State also argues the failure to require an intent to kill for first degree murder by creation of a grave risk of death renders the crime synonymous with first degree manslaughter. We disagree. RCW 9A.32.060(1)(a) provides a person is guilty of first degree manslaughter when "[h]e recklessly causes the death of another person". However, first degree murder by creation of a grave risk of death requires more than ordinary recklessness. As the Wisconsin Supreme Court has stated:

> The "depraved mind" standard is distinct from, and is not a species of, recklessness or negligence. "To constitute a depraved mind, more than a high degree of negligence or recklessness must exist. . . ."

(Citation omitted.) *Randolph v. State,* 83 Wis. 2d 630, 639-40, 266 N.W.2d 334 (1978) (quoting *State v. Weso,* 60 Wis. 2d 404, 411, 210 N.W.2d 442 (1973)); *see also Johnson,* 103 N.M. at 368. LaFave and Scott distinguish manslaughter and murder by creation of a grave risk of death by the presence of a "very high degree of risk" in the murder context as opposed to a mere "unreasonable risk" in the manslaughter setting. W. LaFave & A. Scott § 7.4(a), at 618. The presence of the greater degree of risk elevates the level of recklessness to an extreme level, thus "manifesting an extreme indifference to human life". Although the boundary is not exact, we interpret RCW 9A.32.030(1)(b) to require an aggravated or extreme form of recklessness which sets the crime apart from first degree manslaughter. W. LaFave & A. Scott § 7.4(a), at 618.

We hold the crime of first degree murder by creation of a grave risk of death defined by RCW 9A.32.030(1)(b) does not require a specific intent to kill. Therefore, RCW 9A.32-

.030(1)(b) may not serve as a basis for the crime of attempt, and the charge was properly dismissed. The trial court is affirmed.

DORE, C.J., and UTTER, BRACHTENBACH, ANDERSEN, DURHAM, SMITH, GUY, and JOHNSON, JJ., concur.