[No. 1482.  Decided December 5, 1894.]

THE STATE OF WASHINGTON, *Respondent*, *v.* PETER G. BERZAMAN, *Appellant.*

ATTEMPT TO COMMIT RAPE—EVIDENCE—PENALTY—EXCESSIVE PUNISHMENT.

The fact that a defendant convicted of an attempt to commit a rape had theretofore borne a good character, and that the alleged crime had been committed under circumstances which rendered it certain that others not concerned in the transaction were sure to know of it, does not raise such a doubt as to justify the appellate court in disturbing the verdict on the ground of the insufficiency of the evidence, when there is enough direct evidence, if believed, to warrant a conviction.

Under §§ 28 and 303, Penal Code, an attempt to commit sexual intercourse with a female under the age of consent is punishable, although the act is not accompanied with violence.

Under § 303, Penal Code, providing that the attempt to commit any crime shall be punished by imprisonment for a term not exceeding one-half of the longest term prescribed for the completed crime, and under § 28, Penal Code, punishing carnal intercouse with a female under the age of consent by imprisonment for life or any term of years, a sentence of imprisonment for ten years is warranted upon a conviction of an attempt to commit such crime.

A sentence of imprisonment for ten years for an attempt to have carnal intercourse with a female under the age of consent is not excessive, although the actual injury done was slight.

*Appeal from Superior Court, King County.*

*Metcalfe & Jurey* and *Orange Jacobs,* for appellant.

*John F. Miller*, Prosecuting Attorney, *A. G. McBride* and *James A. Haight*, for the State.

The opinion of the court was delivered by

STILES, J.—Appellant was convicted of an attempt to commit a rape upon the person of a girl under the age of twelve years.

The first ground of the appeal is the alleged insufficiency of the evidence; but we find upon investigation that the only doubt which could be made to depend upon anything in the case, aside from certain conflicting testimony, arises out of the improbability that an attempt of this kind would have been made by a person of theretofore good character, and under circumstances which rendered it certain that two persons not concerned in the transaction were sure to know of it. One of the most profound mysteries connected with the history of crimes is that they are so often committed by persons whose reputations have been good, and under circumstances which make it foolish to expect an escape from detection. The direct evidence was abundantly sufficient, if believed, to warrant the conviction, and we cannot disturb it on the ground of its insufficiency.

It is next urged that there is no such an offense known to our law as that charged in the information, because § 22 of the Penal Code makes an assault with intent to commit rape a specific offense, and under its common law significance the term rape implies violence, which is the chief constituent of an assault. An attempt to commit rape would, therefore, generally, include the idea of an assault, which is not here charged.

The defect in this argument is that our statute, Penal Code, § 28, punishes carnal knowledge and abuse of any female under the age of consent, without regard to the question of violence, and Penal Code, § 303, punishes an unsuccessful attempt to commit any crime. So that sexual intercourse with a female under the prescribed age is punishable, although it be accompanied only by the mildest acts of blandishment and persuasion.

The third point made is that the statute provides no penalty for attempts of this class. The complete crime is punished by imprisonment for life or *any* term of years, Penal Code, § 28 ; and under § 303, if the crime attempted is punishable by imprisonment five years or more, an attempt may be punished by imprisonment for a term not exceeding one-half of the longest term prescribed for the completed crime. Where the statute leaves the punishment of the principal offense to the discretion of the court, as this one does, it is impossible to say that any term of years which may be imposed under § 303 is not a legal sentence, since any term is always one-half of some other term which the court might impose for the completed crime. This point has been directly decided in another state which has the same statute. *People v. Gardner*, 98 Cal. 127 (32 Pac. 880).

Complaint is made of the severity of the sentence—ten years. Considering the case with a view to the actual injury done it must strike any one as a severe punishment ; but looking at it as an exhibition of abandoned and wicked lust which would not hesitate to ruin the life of innocent children, we are not prepared to say that the sentence imposed was legally excessive. If there be anything in the theory that society has a right to relieve itself of the presence of dangerous criminals to protect itself from their further depredations, there is no place that it can make a better beginning than with those reckless libertines who would corrupt and debauch its womankind before they are old enough to think of protecting themselves.

Judgment affirmed.

DUNBAR, C. J., and SCOTT and HOYT, JJ., concur.