[No. 63096-8.   En Banc.   March 7, 1996.]

THE STATE OF WASHINGTON, *Respondent*, v. SARUN CHHOM, *Petitioner*.

*Appelwick, Trickey & Lukevich, P.L.L.C.,* by *Michael J. Trickey,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Lisa D. Johnson* and *Theresa J. Fricke, Deputies,* for respondent.

JOHNSON, J. — Defendant Sarun Chhom petitioned for review of a Court of Appeals decision reversing the trial court's dismissal of the charge of attempted rape of a child in the first degree. Chhom argues the trial court properly dismissed the charge on the grounds that *State v. Dunbar,* 117 Wn.2d 587, 590, 817 P.2d 1360 (1991) prohibits "attempt" charges for crimes that lack a mens rea element. We agree with and affirm the Court of Appeals' reversal of the trial court's order dismissing the case.

## FACTS[1]

Around 9 p.m. on March 17, 1993, 16-year-old Sarun Chhom, and several companions, approached a nine-year-old boy and grabbed him off of his bicycle. While one of his companions held the boy, Chhom dropped his pants, exposed his penis, and attempted to force it into the boy's mouth.

---

[1]The facts are taken from testimony given at the hearing. The trial court made no findings of fact because it dismissed the charges after the State presented its case.

Chhom was arrested and charged with attempted rape of a child and unlawful imprisonment.[2] At the fact-finding hearing, the parties stipulated the boy was under the age of 12 at the time of the incident, Chhom was not married to the boy, and Chhom was more than 24 months older than the boy at the time of the incident.

After the State presented its evidence, Chhom moved for dismissal of the attempted rape of a child charge. The trial court granted the motion based on *Dunbar*, reasoning the crime rape of a child does not have an element of intent and *Dunbar* holds one may not attempt a nonintent crime. In an unpublished opinion, the Court of Appeals reversed. We granted review to clarify our holding in *Dunbar*.

## ANALYSIS

Chhom argues, based on *Dunbar*, that because the crime rape of a child has no mens rea element, it cannot support a charge of attempt.[3] Chhom's argument is ultimately based on the statement in *Dunbar*: "[a]ll parties concede one may not attempt a nonintent crime." *Dunbar*, 117 Wn.2d at 590.[4] While the court did indeed make this state-

---

[2]The trial court dismissed the unlawful imprisonment charge. The State does not appeal that decision.

[3]Rape of a child in the first degree is defined as having "sexual intercourse with another who is less than twelve years old and not married to the perpetrator and the perpetrator is at least twenty-four months older than the victim." RCW 9A.44.073. Second and third degree rape of a child are defined similarly with only the age requirements changing. *See* RCW 9A.44.076 and RCW 9A.44.079.

[4]Applied literally, the statement "one may not attempt a nonintent crime" would preclude the crime of rape, as well as the crime of rape of a child, as serving as the basis for the crime of attempt, because neither crime has a mens rea element requiring proof of intent. While no reported Washington decision has discussed this specific issue, our courts have implicitly affirmed the crimes of attempted rape and attempted rape of a child. *See State v. Aumick*, 126 Wn.2d 422, 894 P.2d 1325 (1995) (failure to instruct jury intent was an element of attempted rape is error); *State v. Grewe*, 117 Wn.2d 211, 813 P.2d 1238 (1991) (discussing aggravating circumstances in sentencing for conviction of attempted first degree statutory rape); *State v. Powers*, 152 Wash. 155, 277 P. 377 (1929) (affirming conviction for attempted statutory rape); *State v. Berzaman*, 10 Wash.

ment, it was an introductory statement made before the court began its analysis. It does not constitute the holding in *Dunbar*.

In *Dunbar*, we discussed the "intent" requirement of the criminal attempt statute. *Dunbar*, 117 Wn.2d at 590. The crime of criminal attempt contains two elements: (1) the intent to commit a specific crime, and (2) a substantial step toward the commission of that crime. RCW 9A.28.020(1); *State v. Aumick*, 126 Wn.2d 422, 429, 894 P.2d 1325 (1995). Specifically, the issue in *Dunbar* was whether the charge of first degree murder by creation of a grave risk of death (the mens rea element) was inconsistent with the "intent to commit a specific crime" element of criminal attempt. *Dunbar*, 117 Wn.2d at 592.

We began our analysis in *Dunbar* by stating: "[w]here a crime is defined in terms of acts causing a particular result, a defendant charged with attempt must have specifically intended to accomplish that criminal result." *Dunbar*, 117 Wn.2d at 590 (citing Wayne R. LaFave & Austin W. Scott, Jr., *Criminal Law* § 6.2(c), at 500 (2d ed. 1986)). Thus, for the defendant to attempt the crime at issue in *Dunbar*, first degree murder, he had to intend the criminal result of death. *Dunbar*, 117 Wn.2d at 590-91. However, the defendant was charged with first degree murder by creation of a grave risk of death. Under this prong of the first degree murder statute, the mens rea element is to manifest an extreme indifference to human life (an aggravated form of recklessness which falls below a specific intent to kill). *Dunbar*, 117 Wn.2d at 593. We held that first degree murder by creation of a grave risk of

---

277, 38 P. 1037 (1894) (affirming 10-year sentence on conviction for attempted statutory rape); *State v. Greve*, 67 Wn. App. 166, 834 P.2d 656 (1992) (affirming conviction for attempted third degree rape of a child), *review denied*, 121 Wn.2d 1005 (1993); *State v. Jackson*, 62 Wn. App. 53, 55, 813 P.2d 156 (1991) (attempted rape requires proof that the defendant took a substantial step toward commission of the crime with the intent to have sexual intercourse); *State v. Cleveland*, 58 Wn. App. 634, 794 P.2d 546 (affirming conviction for attempted statutory rape), *review denied*, 115 Wn.2d 1029 (1990), *cert. denied*, 499 U.S. 948 (1991); *State v. Warren*, 55 Wn. App. 645, 779 P.2d 1159 (1989) (affirming convictions for attempted first degree statutory rape and attempted second degree rape), *review denied*, 114 Wn.2d 1004 (1990).

death could not serve as the base crime for criminal attempt because the mens rea element at issue (manifesting an extreme indifference to human life) did not require that the defendant intend to accomplish the criminal result of death (i.e., have a specific intent to kill). *Dunbar*, 117 Wn.2d at 592-93. Thus the mens rea element of the base crime in *Dunbar* was inconsistent with the attempt statute's requirement that the defendant intend to accomplish the criminal result.

Chhom argues this analysis is equally applicable here where the base crime (rape of a child) has *no* mens rea element. He is mistaken. We have not previously addressed the relationship between the "intent to commit a specific crime" requirement of the attempt statute and crimes that have *no* mens rea element. Having considered this issue for the first time, we now hold that the lack of a mens rea element in rape of a child is not inconsistent with the attempt statute's "intent to commit a specific crime" element.

■■ Unlike first degree murder by creation of a grave risk of death, the crime of rape of a child contains no mens rea element; it requires no proof of intent. *See State v. Geer*, 13 Wn. App. 71, 75-76, 533 P.2d 389, *review denied*, 85 Wn.2d 1013 (1975). When coupled with the attempt statute, the intent required for attempted rape of a child is the intent to accomplish the criminal result: to have sexual intercourse. *See Jackson*, 62 Wn. App. at 55. Because there is no mens rea element, there is no inconsistency between the elements of rape of a child and the intent to have sexual intercourse required by the criminal attempt statute.

In this case, the attempt statute brings into the crime of rape of a child the element of "the intent to have sexual intercourse" (the criminal result) but it does not add anything to the remaining strict liability requirements (perpetrator and victim not married, and the ages of the victim and perpetrator). As to these elements, attempted rape of a child is still a strict liability offense. This view

has been adopted by other jurisdictions. *See State v. Davis*, 108 N.H. 158, 229 A.2d 842, 844 (1967) (only intent required in attempted statutory rape is intent to have intercourse, not intent to have intercourse with a person underage), *overruled on other grounds by State v. Ayer*, 136 N.H. 191, 612 A.2d 923 (1992); *see also* Paul H. Robinson, *A Functional Analysis of Criminal Law*, 88 Nw. U. L. REV. 857, 889-91 (1994).

## CONCLUSION

We hold that rape of a child can serve as the base crime for a charge of attempt under RCW 9A.28.020(1) because the attempt statute only requires intent to have sexual intercourse, and there is no inconsistency between that intent requirement and the elements of the crime of rape of a child. We affirm the Court of Appeals.

The Court of Appeals decision remanded for a new trial. During oral argument, both sides agreed that since the trial court had heard all of the testimony when its ruling was made, remand back to the trial court for further proceedings is the proper remedy. It is so ordered.

DURHAM, C.J., and DOLLIVER, SMITH, GUY, MADSEN, ALEXANDER, TALMADGE, and SANDERS, JJ., concur.