[No. 24938-3-II. Division Two. February 23, 2001.]

THE STATE OF WASHINGTON, *Respondent*, v. KEVIN ANTHONY RED, *Appellant*.

---

[8] *See* Domestic Violence Prevention Act, chapter 26.50 RCW.

*Pattie Mhoon*, for appellant (appointed counsel for appeal).

*Gerald A. Horne, Prosecuting Attorney*, and *Kathleen Proctor, Deputy*, for respondent.

ARMSTRONG, C.J. — The State charged Kevin Red with attempted first degree murder,[1] first degree burglary,[2] and first degree unlawful possession of a firearm.[3] The jury convicted Red of attempted second degree murder, first degree burglary, and first degree unlawful possession of a firearm. On appeal, Red argues that the court should have instructed on manslaughter as a lesser included offense and that his counsel was ineffective for failing to propose such instructions. Red also argues that the trial court erred by continuing his trial and improperly calculating his offender score. We find no error and affirm the convictions. But the State concedes that remand is necessary for a hearing to determine the nature of Red's Louisiana conviction and, thus, Red's offender score.

## FACTS

On February 27, 1999, Eric Franklin was sleeping on the bed in his hotel room while Evelyn Pierce-Williams and Bud McGriff watched TV and played cards. Niecy, a friend, knocked on the door. When Evelyn opened the door, Niecy was not there; instead, Kevin Red forced his way into the room. Evelyn and Bud testified that Red hit Eric repeatedly on the head with a gun; Eric awoke, and he and Red struggled over the gun. While struggling, Eric was shot three times.

Eric testified that when he awoke, he saw Evelyn struggling with Red over the gun and he joined in the struggle. Eric remembered slumping down and seeing the gun fall to the floor. Eric was moving toward the kitchen when he saw Red "picking up the gun, twisting it sideways, shooting it, hitting me in my shoulder." Report of Proceedings (RP) at 162. Red left the hotel room, returning briefly to state, "Man, call yourself an ambulance." RP at 165, 170.

A witness in another hotel room heard someone knock on

---

[1] RCW 9A.32.030(1)(a); RCW 9A.28.020; RCW 9.94A.310, .370.

[2] RCW 9A.52.020(1)(a), (b).

[3] RCW 9.41.040(1)(a).

Eric's door, saying "It's Niecy." RP at 75. Shortly thereafter, he heard a "bang."

The State charged Red with attempted first degree murder, first degree burglary, and first degree unlawful possession of a firearm. Four days before trial, Red's court-appointed counsel moved to withdraw due to a conflict of interest and because he was unprepared for trial. The trial court granted the motion, appointed new counsel, and continued Red's trial for two months. The jury convicted Red of the lesser included offense of attempted second degree murder, as well as first degree burglary, and first degree unlawful possession of a firearm.

## ANALYSIS

A.  Lesser Included Instruction

Red argues that the trial court erred by not instructing the jury on the lesser included offenses of attempted manslaughter in the first and second degrees. The trial court, however, did not err because Red never proposed manslaughter instructions.

■ Red faced an attempted first degree murder charge. In addition to instructing the jury on attempted first degree murder, the trial court instructed on attempted second degree murder. Red proposed two jury instructions—one addressing the burden of proof, the other a "to convict" instruction for first degree assault. Red proposed no instructions for attempted first or second degree manslaughter. The trial court need not give an instruction unless requested. *State v. Hoffman*, 116 Wn.2d 51, 111-12, 804 P.2d 577 (1991).

B.  Ineffective Assistance of Counsel

Red contends that his trial counsel was ineffective for failing to propose instructions on first and second degree manslaughter as lesser included offenses to attempted first degree murder.

■ A criminal defendant is denied effective assistance

of counsel if counsel's performance was deficient and the deficiency prejudiced the defendant. *State v. Lord*, 117 Wn.2d 829, 883, 822 P.2d 177 (1991) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). But counsel's decisions as to trial strategy or tactics do not constitute ineffective assistance; and there is a strong presumption that counsel was effective and exercised reasonable professional judgment. *Lord*, 117 Wn.2d at 883.

■ ■ Red was charged with attempted first degree murder, committed with premeditated intent to kill. Intentional first degree murder is a crime defined in terms of causing a particular result—death. *State v. Chhom*, 128 Wn.2d 739, 743, 911 P.2d 1014 (1996). To commit an attempt, the defendant must intend to commit a specific crime and this includes, at least for murder, the intent to cause death. RCW 9A.28.020(1);[4] *State v. Dunbar*, 117 Wn.2d 587, 590, 817 P.2d 1360 (1991). Thus, to commit attempted first degree murder, the defendant must intend the criminal result of death. *Chhom*, 128 Wn.2d at 743. But manslaughter requires only that a person cause the death of another by acting recklessly or with criminal negligence. RCW 9A.32.060(1)(a), .070(1). Manslaughter is not a specific intent crime and does not require an intent to cause a particular result. In fact, if the defendant intends to kill, he is guilty of murder, not manslaughter. Accordingly, because manslaughter does not require the specific intent to kill, there can be no attempted manslaughter. *Dunbar*, 117 Wn.2d at 590 (defendant cannot be charged with attempted murder by extreme indifference to human life because extreme indifference murder does not require the specific intent to kill). Thus, the legal prong of *Workman* has not

---

[4] RCW 9A.28.020(1) defines an "attempt to commit a crime" as follows: "A person is guilty of an attempt to commit crime if, with intent to commit a specific crime, he does any act which is a substantial step toward the commission of that crime."

been met; counsel was not deficient in failing to propose the instructions.[5]

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

MORGAN and SEINFELD, JJ., concur.

Reconsideration denied September 17, 2001.

---

[5] A defendant is entitled to a lesser included instruction under *State v. Workman*, 90 Wn.2d 443, 447-48, 584 P.2d 382 (1978), if: (1) each element of the lesser offense is a necessary element of the charged offense (legal prong); and (2) the evidence supports an inference that the lesser offense was committed (factual prong).