242 P.3d 856 (2010)
STATE of Washington, Respondent,
v.
Mitel PATEL, Petitioner.
No. 82649-8.
Supreme Court of Washington, En Banc.
Argued March 16, 2010.
Decided November 10, 2010.
*857 Richard David Wall, Spokane, WA, Counsel for Petitioner.
Mark Erik Lindsey, Spokane County Prosecuting Attorneys, Spokane, WA, for Respondent.
CHAMBERS, J.
¶ 1 Mitel Patel was convicted of attempted second degree rape of a child after he was caught in an Internet sting operation conducted by the police. As part of the operation, a Spokane police detective posing as a fictitious 13-year-old girl chatted with Patel over an on-line instant messaging service. Following a sexually explicit conversation, *858 Patel agreed to meet the girl at her apartment for sex. When Patel arrived at the apartment, he knocked on the door and was immediately arrested by police. Patel asks this court to vacate his conviction. He urges us to overrule our decision in State v. Townsend, 147 Wash.2d 666, 57 P.3d 255 (2002), and hold that in order to convict a defendant for attempted rape of a child, the State must always prove there was an actual underage victim. We take this opportunity to clarify our jurisprudence and hold that a defendant may be convicted of attempted rape of a child where the alleged victim is a fictitious underage character created by the police. We affirm the Court of Appeals.

I
¶ 2 Detective Jerry Keller was part of an undercover operation run by the Spokane police department's sexual exploitation unit designed to catch on-line sexual predators. As part of that operation, Keller created an on-line profile for a fictitious girl named "Kimberly," specifically designed to make "Kimberly" appear to be under the age of 16.[1] On November 30, 2004, Patel, using his roommate's computer and screen name, found the profile and initiated an instant messaging chat with "Kimberly." Clerk's Papers (CP) at 17. He began by writing, "HELLO ... U LIKE OLDER GUYS?" Id. In response "Kimberly" asked Patel his age and, after learning that he was 26 years old replied, "wow im 13 but look and act older." Id. From there the conversation quickly turned to the topic of sex, with Patel asking "Kimberly" various questions about her prior sexual experience and telling her, "I THINK I WANT TO HAVE SEX WITH U." Id. at 18. Eventually, "Kimberly" gave Patel the address and directions to an apartment where she said she lived with her mother and the two agreed to meet.
¶ 3 When Patel arrived at the apartment, he knocked on the door, identified himself, and was immediately arrested. A search incident to arrest revealed that Patel was carrying five condoms[2] and directions to the apartment that "Kimberly" had relayed to him during the chat. When Patel was interrogated by police, he was shown a printed transcript of his on-line chat with "Kimberly," and he admitted that she had told him that she was 13 years old. Patel told police that he might have had sex with her but only if she was 16 years old and not if she looked 13.
¶ 4 Patel was charged with attempted second degree rape of a child. Prior to trial, he made a motion to dismiss the charge, arguing that the State could not prove that the victim was at least 12 years old but less than 14 years olda necessary element to prove the completed crime of second degree rape of a child.[3] RCW 9A.44.076(1). The trial court denied the motion. After a bench trial, the court found Patel guilty of attempted second degree rape of a child.
¶ 5 Patel then filed a motion for arrest of judgment pursuant to CrR 7.4, arguing that in the context of attempted second degree rape of a child, the victim's age is a necessary element that the State must prove beyond a reasonable doubt. Patel maintained that the State had failed to produce sufficient evidence to convict him because the alleged victim in this case was fictitious and not actually 13 years old. He argued that because second degree rape of a child is a strict liability offense, his subjective belief about "Kimberly's" age was just as irrelevant to proving attempt as it would be to proving the completed crime. See State v. Chhom, 128 *859 Wash.2d 739, 743, 911 P.2d 1014 (1996). The trial court denied the motion.
¶ 6 Patel appealed his conviction. The Court of Appeals affirmed in an unpublished opinion. State v. Patel, noted at 147 Wash. App. 1053, 2008 WL 5377826 (2008).

II
¶ 7 "The test for determining the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt." State v. Salinas, 119 Wash.2d 192, 201, 829 P.2d 1068 (1992). We interpret statutes de novo. Morgan v. Johnson, 137 Wash.2d 887, 891, 976 P.2d 619 (1999). We also review questions of law de novo. State v. Linton, 156 Wash.2d 777, 783, 132 P.3d 127 (2006).
¶ 8 The elements of attempted second degree rape of a child come from two separate statutes: the child rape statute and the criminal attempt statute. To prove second degree rape of a child, the State must prove beyond a reasonable doubt that the defendant had "sexual intercourse with another who is at least twelve years old but less than fourteen years old and not married to the perpetrator and the perpetrator is at least thirty-six months older than the victim." RCW 9A.44.076(1). The defendant's intent with respect to the victim's age is not an element of the crime, meaning that the State is not required to prove that the defendant knew the victim was underage. Instead, the statute focuses on the criminal result of the defendant's conduct: sex with an underage partner. While intent with regard to the age of the victim is not an element of the crime, a defendant's knowledge of the victim's age is relevant in that defendants may assert an affirmative defense and prove by a preponderance of the evidence that they reasonably believed the victim was older based on the victim's own declarations. RCW 9A.44.030(2).
¶ 9 By contrast, attempt crimes do "not depend on the ultimate harm that results or on whether the crime was actually completed." State v. Luther, 157 Wash.2d 63, 73, 134 P.3d 205 (2006). The criminal attempt statute states:
A person is guilty of an attempt to commit a crime if, with intent to commit a specific crime, he or she does any act which is a substantial step toward the commission of that crime.
RCW 9A.28.020(1) (emphasis added). The attempt statute focuses on the defendant's intent by imposing criminal liability if the defendant intends a criminal result and takes a substantial step toward achieving that result, regardless of whether the act is completed. State v. Dunbar, 117 Wash.2d 587, 590, 817 P.2d 1360 (1991). The statute specifically eliminates legal or factual impossibility as a defense. RCW 9A.28.020(2). Criminal attempt crimes provide "a basis of punishment for actors who, by mere fortuity, have not completed a crime, but who are indistinguishable in blameworthiness from those who succeed." Audrey Rogers, New Technology, Old Defenses: Internet Sting Operations and Attempt Liability, 38 U. RICH. L.REV. 477, 479 (2004).
¶ 10 We have harmonized these statutes before. The fact that the State is not required to prove the defendant knew the victim was underage in order to establish child rape has previously raised questions about whether rape of a child can serve as a base crime under the attempt statute at all. Chhom, 128 Wash.2d at 741, 911 P.2d 1014. In Chhom, a 16-year-old defendant was charged with attempted rape of a child after he attacked a 9-year-old boy, exposed himself, and tried to force his penis into the boy's mouth. Id. at 740, 911 P.2d 1014. The defendant argued that because rape of a child requires no proof of intent with regard to the age of the victim, the State could not prove the "intent to commit a specific crime" element necessary to convict the defendant under the attempt statute. Id. at 743, 911 P.2d 1014. We held that "[w]hen coupled with the attempt statute, the intent required for attempted rape of a child is the intent to accomplish the criminal result: to have sexual intercourse." Id. We concluded that the State was not required to prove that the defendant intended to have sexual intercourse with a person he knew was underage. *860 Id. at 744, 911 P.2d 1014. Since there was no dispute about the victim's age, we had no occasion to decide whether the State was required to prove the victim's actual age in all cases.
¶ 11 Six years after our decision in Chhom we held, on facts very similar to those here, that a defendant caught in an Internet sting operation may be convicted of attempted rape of a child even if the alleged victim does not in fact exist. Townsend, 147 Wash.2d at 679, 57 P.3d 255. Townsend argued that there was insufficient evidence to convict him of attempted rape of a child because the intended victim in that case was in fact a police officer posing as a 13-year-old girl named "Amber."[4]Id. We characterized Townsend's argument as one of factual impossibility, a defense that is expressly disallowed under the attempt statute.[5]Id. Without citing Chhom, we held that it made "`no difference that Mr. Townsend could not have completed the crime because "Amber" did not exist. He is guilty ... if he intended to have sexual intercourse with her.'" Id. (alteration in original) (quoting State v. Townsend, 105 Wash.App. 622, 631, 20 P.3d 1027 (2001)). In other words, Townsend was guilty because he intended to have sex with someone he believed was 13 years old, even though the victim was fictitious and the crime was impossible to complete.
¶ 12 The Court of Appeals found, and the State[6] argues, that because Townsend addressed a situation nearly identical to the one facing us here, it is controlling. Patel counters that Townsend cannot be reconciled with Chhom and should be overruled. He notes that under the facts in Chhom, the defendant's belief or knowledge about the victim's age was irrelevant; it was enough that the victim was in fact underage and the defendant intended to have sexual intercourse with him. The holding in Chhom, Patel argues, implicitly requires the State to prove the victim's actual age in all cases involving attempted rape of a child. Otherwise, a defendant could be convicted of attempted rape of a child if he simply intended to have sexual intercourse with anyone, regardless of age, and took a substantial step toward doing so. In contrast, in Townsend, where the victim did not in fact exist, the defendant was guilty because he intended to have sexual intercourse with someone he believed was underage and took a substantial step toward doing so. Patel sees an apparent contradiction in these two holdings, suggesting that either the defendant's belief about the victim's age is relevant (Townsend) or it is not (Chhom) but that it cannot be both.
¶ 13 Patel essentially argues that, although he intended to have sex with a minor and attempted to do so, he cannot be convicted of attempted rape of a child because, fortuitously, the victim did not in fact exist.[7] According to Patel, the State must always prove the existence of an actual underage victim in order to convict a defendant of attempted rape of a child. But we see no difference between Patel's argument and the impossibility defense the legislature has specifically rejected in RCW 9A.28.020(2).[8] Patel intended to have sex with a 13-year-old girl. As in Townsend, it does not matter that he could not have completed the act.
*861 ¶ 14 But Patel argues that this position is irreconcilable with our decision in Chhom, where we described attempted rape of a child as a strict liability crime with respect to the victim's age. Chhom, 128 Wash.2d at 743, 911 P.2d 1014. There, we held that where the State can prove the victim was a minor, it was not required to further prove the defendant was aware of that fact before making the attempt. Id. Implicitly, proof of the victim's actual age was sufficient. But we did not hold that the defendant's belief about the victim's age is irrelevant in all cases. Age is a component of both rape of a child and attempted rape of a child. While the State is not required to prove the defendant knew of the victim's age where it can prove there was an actual, underage victim, it assumes a greater burden by proving the defendant's specific intent to have sex with a child where the intended victim does not exist.[9]
¶ 15 Both of these positions further the legislature's intent with regard to the child rape and criminal attempt statutes. Chhom recognizes the legislature's intent to protect children by forcing defendants "to assume the risk when they engage in conduct that may be harmful to children" even when they are stopped short of completing the act. Rogers, supra, at 519. Townsend's holding adheres to the legislature's directive to preclude legal and factual impossibility as defenses to the criminal attempt statute. RCW 9A.28.020(2). Contrary to Patel's assertion, Townsend provides significant protection for children by allowing police investigators to take a proactive role in preventing harm before Internet predators can complete their objective.
¶ 16 Our position is consistent with other jurisdictions. Most states that have addressed this issue have upheld attempted rape convictions arising out of sting operations where the victim was a fictitious person. These decisions have grounded their reasoning upon the principle that impossibility is not a defense. E.g., State v. Thurston, 04-KA-937, p. 9 (La.App. 5 Cir. 3/1/05), 900 So.2d 846, 852 (fact that victim fictitious not fatal to attempted aggravated rape charge); Commonwealth v. Bell, 67 Mass.App.Ct. 266, 272, 853 N.E.2d 563 (2006) (factual impossibility not an impediment to charge of attempted rape of a child); Kirwan v. State, 351 Ark. 603, 609, 96 S.W.3d 724 (2003) (defendant's argument that victim was only a fictional character created by police was plea of impossibility that is not a defense to attempt crimes). We agree with this reasoning. We reaffirm our holding in Townsend and conclude that a defendant who specifically intends to have sex with a child may be convicted of attempted rape of a child even where the child is a fictional character created as part of a police sting operation.
¶ 17 However, we caution that before us in Townsend and today is a "victim" who is in fact a fictional underage character created by the police. A defendant who attempts to have sex with a person he believes is an adult but is actually underage can be convicted under Chhom.[10] A defendant who attempts to have sex with a person he believes is underage but does not in fact exist may be convicted under Townsendfactual impossibility is not a defense. But a defendant who attempts to have sex with a person he believes is underage but is actually an adult may not be convicted under either casebecause the victim actually existed and factual impossibility is not a concern.[11] Here, there was sufficient evidence to prove that Patel intended to have sex with a 13-year-old girl and took a substantial step toward doing so.

CONCLUSION
¶ 18 Generally, to prove attempted child rape, the State must prove the defendant *862 intended to have sex, took a substantial step toward doing so, and that the intended victim was actually underage. However, where the victim is a fictitious character created by the police, the State may prove attempted rape of a child by establishing the defendant specifically intended to have sex with an underage person and took substantial steps toward that objective. We affirm the Court of Appeals.
WE CONCUR: GERRY L. ALEXANDER, JAMES M. JOHNSON and DEBRA L. STEPHENS, Justices.
MADSEN, C.J. (concurring).
¶ 19 I agree with the lead opinion that a defendant may be convicted of attempted rape of a child, even though the "child" is a fictional character, so long as the State proves the defendant took a substantial step toward intercourse with a person he believed was within the protected age range.
¶ 20 However, I write separately because the lead opinion says that "a defendant who attempts to have sex with a person he believes is underage but is actually an adult may not be convicted ... because the victim actually existed and factual impossibility is not a concern." Lead opinion at 861 (footnote omitted).
¶ 21 This is internally inconsistent and, indeed, undermines the rationale that otherwise supports the lead opinion.
I CONCUR: CHARLES W. JOHNSON, Justice.
SANDERS, J. (concurring).
¶ 22 Attempted rape of a child in the second degree is defined by the criminal attempt requirements, RCW 9A.28.020(1), which reference the underlying offense: here, rape of a child in the second degree, RCW 9A.44.076(1). But what specifically are the elements the government must prove to convict an individual of attempted rape of a child in the second degree? This court has already answered this question, twice, with two different answers. See State v. Townsend, 147 Wash.2d 666, 679, 57 P.3d 255 (2002); State v. Chhom, 128 Wash.2d 739, 743, 911 P.2d 1014 (1996). We are here to decide which answer, if either, the law compels.
¶ 23 The lead opinion takes a different approach, artfully dancing between the two existing interpretations. Under the lead opinion, the requirements for attempted rape of a child shift depending upon the characteristics of the targeted partner/victim for the sexual intercourse. The lead opinion would hold: (1) when the targeted partner turns out to be an actual minor, the State must prove the strict liability element of child rape in the second degreethat the minor is at least 12 but less than 14 years oldto prove attempt (the lead opinion bases this upon Chhom, 128 Wash.2d at 743, 911 P.2d 1014); (2) when the targeted partner turns out to be a fabricated Internet persona used in a sting operation, the State must prove the defendant intended to have sexual intercourse with a minor between 12 and 14 to prove attempt (the lead opinion bases this upon Townsend, 147 Wash.2d at 679, 57 P.3d 255).
¶ 24 The lead opinion would rewrite the attempted child rape offenses. But it is not the role of the court to rewrite the law; its role is simply to apply it. Nothing in the criminal attempt statute, RCW 9A.28.020(1), or anything it references in the underlying offense statute, RCW 9A.44.076(1), permits the requirements of the offense to change depending upon the identity of the targeted partner. The lead opinion tries to overstep its role as a judicial body and assumes the mantle of the legislature. This court must interpret the law based upon what the law says, not what the lead opinion would like it to say. I instead turn to the language of the relevant statutes.

I. The offense under the relevant statutes
¶ 25 To determine what the elements are for attempted rape of a child in the second degree, we turn to the attempt statute. Attempt crimes are defined by RCW 9A.28.020(1) as follows: "A person is guilty of an attempt to commit a crime if, with intent to commit a specific crime, he or she does any act which is a substantial step toward the commission of that crime." Thus, there are two elements: intent and a substantial step.
*863 ¶ 26 The intent to commit a specific crime means the perpetrator intends to bring about the "criminal result" of the crime. State v. Dunbar, 117 Wash.2d 587, 590, 817 P.2d 1360 (1991). The attempt statute thus refers us to the criminal result of the underlying offense. The criminal result of the rape of a child in the second degree is "sexual intercourse[1] with another who is at least twelve years old but less than fourteen years old and not married to the perpetrator and the perpetrator is at least thirty-six months older than the victim." RCW 9A.44.076(1). Thus, the attempt statute criminalizes the intent to have sexual intercourse with a minor (who has the characteristics described above) when the perpetrator takes a substantial step to satisfy that intent.
¶ 27 Here, Patel intended to have sexual intercourse with a 13-year-old girl who was not his wife and who was at least 36 months younger than he is. He has satisfied the intent element of the attempt crime. He satisfied the substantial step element: he drove to the apartment provided by the (supposed) 13-year-old girl to engage in sex, he knocked on the door, asked for the girl by name, and brought five condoms with him.[2] He is guilty of attempted rape of a child in the second degree. State v. Patel, noted at 147 Wash.App. 1053, 2008 WL 5377826, at *8-9.[3] These are the elements we set forth in Townsend, 147 Wash.2d at 679, 57 P.3d 255. They are the elements required by the language of the attempt statute. They are the elements the law requires for all charges of attempted rape of a child.[4]
¶ 28 The lead opinion agrees that Townsend applies to Patel and affirms his conviction, and to that I concur. But the lead opinion does not stop there.

II. Walking the Earth, like Caine in Kung Fu

¶ 29 Having resolved the issue on appeal, the lead opinion journeys into the land of *864 hypotheticals, "fixing" the "problems" it foresees. The lead opinion would hold that Townsend applies when the intended victim is a fictional persona created by police officers for a sting operation, but does not apply when there is an actual minor victim. Not only is there no statutory basis for the lead opinion to create different elements of the offense depending on the identity of the victim, but the elements adopted for these two other circumstances lack support in the language of the statute and are unworkable.

Actual minor victim
¶ 30 The lead opinion would hold Chhom's definition of attempted child rape applies when there is an actual minor victim. Again, under the attempt statute, a person must intend the criminal result of the underlying offense. Chhom defined the "criminal result" for child rape simply as "sexual intercourse," not necessarily sexual intercourse with a minor. 128 Wash.2d at 743, 911 P.2d 1014. Chhom then added an additional element to the attempted child rape offense, requiring proof of (1) intent to have sexual intercourse, (2) a substantial step toward having sexual intercourse, and (3) proof that the intended victim was actually a minor (of the age and with the characteristics set forth in the underlying child rape statute). The lead opinion would adopt these three elements for situations where there is an actual minor victim. Unfortunately Chhom is a misunderstanding of the attempt statute and is unworkable.
¶ 31 The attempt statute sets forth the elements of the crime. It references and incorporates the criminal result from the underlying statute. Chhom sought to merge the attempt statute (RCW 9A.28.020) with the underlying offense (here, RCW 9A.44.076(1))[5] and, in doing so, attempted to graft on the defenses and defense limitations to child rape set forth in a separate statute (RCW 9A.44.030(2), which contains the "strict liability" aspect of child rape: "it is no defense that the perpetrator did not know the victim's age, or that the perpetrator believed the victim to be older"[6]). But this is not how the statutes are written. First, the attempt statute incorporates only the criminal result from the underlying offense. RCW 9A.28.020(1); see Dunbar, 117 Wash.2d at 590, 817 P.2d 1360. It does not contain any language incorporating a separate statute that limits and sets forth the defenses to the underlying offense. Indeed, the attempt statute contains its own subsection limiting the defenses to attempt offenses. RCW 9A.28.020(2).
¶ 32 Furthermore, by its express language, the statute setting forth the defenses to child rape that Chhom merges with the attempt statute does not apply to the attempt statute. The defense statute reads: "In any prosecution under this chapter in which the offense *865 or degree of the offense depends on the victim's age...." RCW 9A.44.030(2) (emphasis added). The attempt statute is not under that chapter. See RCW 9A.28.020. Chhom erred because it failed to recognize that an attempt crime is a distinct crime that incorporates the criminal result of, but does not merge with, the underlying offense.
¶ 33 The statutory misinterpretation in Chhom also leads to absurd results. We must avoid such absurdity. See, e.g., State v. Hall, 168 Wash.2d 726, 737, 230 P.3d 1048 (2010) (a court is bound to interpret the law to avoid absurd results when it can do so without doing violence to the words of the statute). Chhom identified the criminal result of the rape of a child as "sexual intercourse." But sexual intercourse, by itself, is not a criminal result. Nor is the general intent to have sexual intercourse an "intent to commit a specific crime." RCW 9A.28.020(1). Sexual intercourse is only criminal when performed with a member of a restricted class: here, with a minor who has the characteristics set forth under the relevant statutes. See RCW 9A.44.073, .076,.079.
¶ 34 Under Chhom, an individual has committed all the actions necessary for attempted child rape by intending to have sexual intercourse and knocking on the door of a woman he believes to be an adult. See 128 Wash.2d at 743, 911 P.2d 1014. But where is the "intent to commit a specific crime" as the attempt statute requires? RCW 9A.28.020(1) (emphasis added). It is no crime to intend to have sex and take a substantial step to do so. The crime is that the intended partner in the sexual act is a minor (as characterized under the relevant statute).
¶ 35 Under Chhom and the lead opinion, a person is guilty of attempted rape of a child and will be labeled a sex offender under the following circumstances: He meets someone on-line who says she is 25 years old. After a risqué discussion, he intends to have sex with her. Upon invitation, he goes to her home to have sex with this 25-year-old woman. He knocks on the door. A 13-year-old girl, who posed as a 25-year-old woman on-line, answers the door. The man, realizing the truth of the matter for the first time, immediately leaves. Under Chhom and the majority, he is guilty of attempted rape of a child: he intended to have sex; took a substantial step by accepting the invitation, travelling there, and knocking on the door; and, unbeknownst to him, the screen name he believed belonged to a 25-year-old was actually that of a 13-year-old girl. Alternatively, under Townsend, he has committed no crime, having never had any criminal intent.
¶ 36 One might argue that, just as a person can be guilty of child rape without realizing that his partner was a minor, so too can a person be guilty of attempted child rape without realizing that his intended partner is underage. But such a comparison is readily distinguishable; RCW 9A.28.020(1) requires criminal intent for the attempt, whereas RCW 9A.44.020(1) and .030(2) require no such intent. The statutes, on their faces, impose different requirements.
¶ 37 In application, this difference makes an abundance of sense. In a situation involving the rape of a child, a person would have had firsthand personal contact with the minor up to and upon sexual intercourse, providing an opportunity for his suspicions to be aroused that the individual was not an adultand fairly shifting onto him the responsibility to confirm otherwise. In a situation involving the attempted rape of a child where, as here, the contact is initiated on-line, the person may not even be in the presence of his intended partner until after he has committed the necessary actions for attempted child rape under Chhom and the lead opinion. Thus, the lead opinion misinterprets RCW 9A.28.020(1) to put those who seek amorous relationships on-line in peril of attempted child rape charges even where they are neither seeking nor would carry out any sexual contact with a minor.
¶ 38 One might argue that RCW 9A.44.030(2) provides rescue to such hapless Internet users because a defendant can avoid conviction by proving at the time of the offense he reasonably believed the victim was not a minor. But such rescue, if available,[7] is *866 of only partial comfort to the defendant. RCW 9A.44.030(2) provides only a defense to the charge, so the Internet user would still be arrested for the crime and then have the opportunity at trial to prove his defense to a jury. The jury would have to determine whether the minor telling the defendant on-line she was of age was sufficient for him to "reasonably believe[]" she was of age. Again, the lead opinion would deter adults from noncriminal conductseeking amorous relationships with other adults on-lineby threatening to label them child rapists.
¶ 39 The language of the attempt statute does not create a strict liability offense, and Chhom's attempt to do so leads to absurd results. I disagree with the lead opinion's reliance on Chhom where there is an actual minor involved, instead of uniformly applying Townsend.

III. Conclusion
¶ 40 As the saying goes, "if it ain't broke, don't fix it." The statutes here are not broken, and the lead opinion has neither the authority nor the justification to "fix" them. I would continue to follow our decision in Townsend and apply the criminal attempt statute as written: attempted rape of a child is not a strict liability crime and the government must prove the defendant intended to have sexual intercourse with a minor of the age and under the circumstances set forth by the underlying child rape offense. I concur with the lead opinion's application of Townsend to the facts here but disagree with its reliance on Chhom.
¶ 41 I concur.
WE CONCUR: SUSAN OWENS and MARY E. FAIRHURST, Justices.
NOTES
[1] The on-line profile did not actually state "Kimberly's" age, but Detective Keller testified that the other information he posted, such as where she went to school and what she liked to do, was designed to make "Kimberly" appear as though she was under 16 years old. I Verbatim Report of Proceedings at 49.
[2] During the on-line chat, in response to "Kimberly's" expressed concerns about getting pregnant, Patel told her that he had five condoms.
[3] Patel also made a motion to suppress the chat conversations under Washington's privacy act, chapter 9.73 RCW. The trial court's denial of that motion was affirmed by the Court of Appeals. State v. Patel, noted at 147 Wash.App. 1053, 2008 WL 5377826 (2008). Neither party has raised this issue here.
[4] The victim in Townsend was also a fictitious 13-year-old girl ("Amber") created by Detective Keller as part of an Internet "sting" operation. Townsend, 147 Wash.2d at 670, 57 P.3d 255.
[5] Under the attempt statute,

[i]f the conduct in which a person engages otherwise constitutes an attempt to commit a crime, it is no defense to a prosecution of such attempt that the crime charged to have been attempted was, under the attendant circumstances, factually or legally impossible of commission.
RCW 9A.28.020(2).
[6] The State relies on the 2007 brief it filed in this court on direct review. No response was filed to Patel's petition for review, nor did the State file a supplemental brief after we accepted discretionary review.
[7] Additionally, Patel argues that the true victim here was Detective Keller, an adult. However, it was the fictional character "Kimberly" with whom Patel intended and attempted to have sex. Detective Keller was not the intended victim.
[8] Patel's argument is similar to that of a thief who tries to pick an empty pocket and argues that he cannot be convicted of theft because he could not have completed the crime. See Rogers, supra, at 493.
[9] We acknowledge that Chhom indicates that intent with respect to the victim's age is immaterial in attempted rape of a child cases while Townsend indicates that it is material. However, Chhom involved an actual child where there was no dispute over the victim's age, and Townsend involved a fictitious child the defendant believed was underage. Read in context, these two cases are in harmony.
[10] Of course, as noted above, defendants in this situation may still affirmatively show that their belief that the child was older was reasonable based on the child's own declarations. RCW 9A.44.030(2).
[11] We do not believe it was the intent of the legislature to protect adults who "role play" and pretend to be younger than they actually are.
[1] "Sexual intercourse" is defined as:

(a) ha[ving] its ordinary meaning and occurs upon any penetration, however slight, and
(b) Also means any penetration of the vagina or anus however slight, by an object, when committed on one person by another, whether such persons are of the same or opposite sex, except when such penetration is accomplished for medically recognized treatment or diagnostic purposes, and
(c) Also means any act of sexual contact between persons involving the sex organs of one person and the mouth or anus of another whether such persons are of the same or opposite sex.
RCW 9A.44.010(1).
[2] We did not grant review on the issue of whether Patel's actions constitute a substantial step. It was not raised in the petition for review.
[3] Patel argues this is inconsistent with this court's treatment of attempted theft of property in the first degree, citing State v. Delmarter, 94 Wash.2d 634, 618 P.2d 99 (1980). At the time that case was decided, theft of property in the first degree required theft of over $1,500 worth of property. Id. at 636, 618 P.2d 99 (citing former RCW 9A.56.030 (1975)). The defendant was found in the proximity of a cash drawer with approximately $1,800 in it. Id. at 636, 618 P.2d 99. The defendant argued there was insufficient evidence to establish that he knew there was over $1,500 in the cash drawer so he could not have had the requisite intent to steal over $1,500 required for first degree theft. Id. at 637, 618 P.2d 99. The five-justice majority did not analyze the issue in depth, but merely concluded the underlying theft charge did not require proof of knowledge of the property value, making no reference to application of the attempt statute. Id. The four-justice dissent argued the record was insufficient to infer the defendant specifically intended to take the contents of the cash drawer, rather than the prescription drugs that were also present. Id. at 639-40, 618 P.2d 99 (Williams, J., dissenting). Neither the majority nor dissent discussed the "criminal result" of theft of property in the first degree; Delmarter provides no analysis to assist the inquiry here.
[4] Patel challenges Townsend because it leaves a gap in prosecutorial coverage. For instance, a man goes home with a 13-year-old girl, actually believing her to be 18 years old. At no point, regardless of the substantial steps he takes toward sexual intercourse, would he be guilty of attempted child rape because he lacked the intent. Thus, if he was prevented from having actual sexual intercourse with the 13-year-old girl by intervening circumstances, he would avoid being guilty of a crime, because he did not commit child rape (although he would have if he could have) and did not have the criminal intent needed to prove attempt.

This "gap" in coverage exists, but is overstated. In the hypothetical situation above, the man's conduct leading up to the prevented sexual intercourse may constitute child molestation. See RCW 9A.44.083, .086, .089. Furthermore, the attempt statute sets forth the crime. If the legislature did not intend the gap the statutory language creates, it is the role of the legislature, not the judiciary, to rewrite the statute.
[5] As the State points out, if an attempt statute merged with the underlying offenserequiring a prosecutor to establish the elements of the completed offensethere would be no purpose or place for an attempt crime. The prosecutor would just charge the defendant with the underlying offense.
[6] One might argue reference to RCW 9A.44.030(2), the defense statute, is irrelevant because RCW 9A.44.076(1), the child rape statute, itself sets forth a strict liability offense since it contains no intent language. This argument is immaterial; even if RCW 9A.44.076(1) independently sets forth a strict liability crime, the attempt statute only incorporates its criminal result into the attempt offense. RCW 9A.28.020(1). Nowhere does the attempt statute adopt the strict liability component of rape of a child.

In any event, this argument is misleading and incorrect. There is no question here that rape of a child is a strict liability offense. However, the legislature imposed strict liability by virtue of the defense statute, RCW 9A.44.030(2). As we stressed in State v. Anderson, an offense statute's lack of an express provision for an affirmative defense of unwitting conduct or lack of knowledge indicates that intent is an element of the offense. 141 Wash.2d 357, 362-63, 5 P.3d 1247 (2000). Here, RCW 9A.44.076(1) itself provides no such defense; it is RCW 9A.44.030(2) that makes clear ignorance and indifference provide no defense.
Additionally, if RCW 9A.44.076 is a strict liability offense independently of RCW 9A.44.030(2), then it renders the defense statute redundant. See RCW 9A.44.030(2) ("[I]t is no defense that the perpetrator did not know the victim's age, or that the perpetrator believed the victim to be older...."). We do not interpret statutes to render terms or language redundant. See, e.g., Berrocal v. Fernandez, 155 Wash.2d 585, 599-600, 121 P.3d 82 (2005). Thus, RCW 9A.44.030(2) must provide the strict liability component.
[7] By its language, RCW 9A.44.030(2) applies only to prosecution of offenses under chapter 44; therefore, it does not cover attempt crimes, RCW 9A.28.020(1). But since the lead opinion tries to erroneously merge RCW 9A.44.030(2) into the attempt crime, a defendant presumably would be privy to the defenses provided therein.