# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 76308-3-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| JOE JOSEPH, | ) | PUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: April 30, 2018 |
| | ) | |

MANN, A.C.J. — Joe Joseph appeals his conviction for one count of felony violation of a court order and one count of felony harassment for assaulting his partner Nita Katlong.[1] Joseph contends that (1) his conviction for felony violation of court order should be reversed because there was insufficient evidence of one of the charged alternative means of committing the crime, (2) his prior conviction for third degree assault was not a crime of harassment, and thus does not qualify as a predicate offense supporting a conviction for felony harassment, and (3) the trial court erred by failing to instruct the jury that the domestic violence

---

[1] There is some discrepancy in the record regarding Nita Katlong's name. In the transcript, her name is spelled Katalong. Whereas in the Clerk's Papers her name is spelled Katlong. To avoid confusion, we rely on the spelling in the Clerk's Papers.

aggravator for both offenses required proof beyond a reasonable doubt and a unanimous verdict.

Because assault in the third degree is a qualifying predicate crime, we affirm Joseph's conviction for felony harassment. We agree, however, that there was insufficient evidence to support the alternative means and reverse Joseph's conviction for felony violation of a court order. We also agree that the trial court erred by failing to instruct the jury that the domestic violence aggravator required proof beyond a reasonable doubt and unanimity.

We affirm Joseph's conviction for felony harassment, but reverse for resentencing with a lesser offender score.

## FACTS

Joseph and Katlong temporarily lived together at a friend's home despite a no-contact order prohibiting Joseph from contact with Katlong. On August 30, 2016, Joseph accused Katlong of infidelity and threatened to kill her. Joseph pushed Katlong to the couch, picked up a hammer, waived it around, and tapped Katlong's forehead with the flat end. Joseph's niece, Nekky, was present and watching. Nekky asked Joseph to stop because he was scaring her and then left the room.

Joseph was charged by amended information with domestic violence felony violation of a court order (count one), felony harassment (count two), and misdemeanor harassment (count three). All charges stemmed from the August 30, 2016, incident.

Joseph had previously pleaded guilty to a charge of assault in the third degree, domestic violence, for a separate assault of Katlong. The parties stipulated at trial that this charge had been proven beyond a reasonable doubt. The State relied on this prior conviction of assaulting Katlong to elevate the harassment allegation to a class C felony under RCW 9A.46.020(2)(b)(i).

The jury found Joseph guilty on all charges. The jury was then reconvened to consider special verdict forms that asked whether Joseph and Katlong were members of the same household for purposes of elevating Joseph's offender score. The special verdict form was answered "yes."

Based on a joint motion by Joseph and the State, the trial court agreed that the convictions for misdemeanor harassment (count 3) and felony harassment (count 2) violated double jeopardy. The court vacated the conviction on count 3.

For the purposes of sentencing, the parties and court agreed to treat the convictions for felony violation of a no-contact order (count one) and felony harassment (count two) as the same criminal conduct.

Joseph appeals.

## ANALYSIS

*Alternative Means for Conviction of Felony Violation of a Court Order*

Joseph argues first that his conviction for felony violation of court order (count 1) should be reversed because there was insufficient evidence of one of the charged alternative means of committing the crime. The State concedes this issue and we agree.

-3-

Article I, section 21 of the Washington State Constitution guarantees criminal defendants the right to a unanimous jury verdict. See State v. Ortega-Martinez, 124 Wn.2d 702, 707, 881 P.2d 231 (1994). In alternative means cases, where the criminal offense can be committed in more than one way, an expression of jury unanimity is not required if each alternative means is supported by sufficient evidence. State v. Sandholm, 184 Wn.2d 726, 732, 364 P.3d 87 (2015) (citing Ortega-Martinez, 124 Wn.2d at 707-08). "But when insufficient evidence supports one or more of the alternative means presented to the jury, the conviction will not be affirmed." Sandholm, 184 Wn.2d at 732 (citing Ortega-Martinez, 124 Wn.2d at 707-08).

The to-convict jury instruction for felony violation of a no-contact order stated the prosecution must prove:

> (4) That
> (a) the defendant's conduct was an assault or
> (b) the defendant's conduct was reckless and created a substantial
>     risk of death or serious physical injury to another.

The jury was instructed that the State must prove "either of the alternative elements (4)(a) or (4)(b)" beyond a reasonable doubt. The instruction further explained "the jury need not be unanimous as to which alternatives (4)(a) or (4)(b) has been proved beyond a reasonable doubt as long as each juror finds that at least one alternative has been proved beyond a reasonable doubt."

The State concedes that the jury instruction sets forth alternative means for committing the same crime, and that the evidence that Joseph had a hammer and tapped Katlong on the head was insufficient to demonstrate that he

-4-

recklessly "created a substantial risk of death or serious physical injury" under 4(b). If there is insufficient evidence to support an alternative means, "a 'particularized expression' of jury unanimity is required." State v. Woodlyn, 188 Wn.2d 157, 165, 392 P.3d 1062 (2017). "Absent some form of colloquy or explicit instruction, we cannot assume that every member of the jury relied solely on the supported alternative." Woodlyn, 188 Wn.2d at 166. No "particularized expression" of the jury's decision exists here. Joseph's conviction for felony violation of a no-contact order (count 1) is reversed.

*Felony Harassment Based on a Predicate Offense of Third Degree Assault*

Joseph next contends that his prior conviction for third degree assault was not a crime of harassment under RCW 9A.46.060, and thus does not qualify as a predicate offense supporting the elevation of harassment from a gross misdemeanor to a felony. We disagree and hold a previous conviction for third degree assault of the same victim is a qualifying crime of harassment under RCW 94.46.020(2)(b)(i). See also RCW 9A.36.031(f); RCW 9A.46.060.

"The meaning of a statute is a question of law we review de novo." State v. Mitchell, 169 Wn.2d 437, 442, 237 P.3d 282 (2010). "The court's fundamental objective in construing a statute is to ascertain and carry out the legislature's intent." Lake v. Woodcreek Homeowners Ass'n, 169 Wn.2d 516, 526, 243 P.3d 1283 (2010). If the meaning of the statute is plain on its face, then we must give effect to the plain meaning as an expression of legislative intent. State v. Larson, 184 Wn.2d 843, 848, 365 P.3d 740 (2015). A statute's plain meaning can be discerned by looking at the text of the statutory provision in question, the context

of the statute, related provisions, and the statutory scheme as a whole. Larson, 184 Wn.2d at 848.

The State charged Joseph with harassment under RCW 9A.46.020(1), alleging that Joseph knowingly threatened to cause bodily injury to Katlong. While the crime of harassment is ordinarily a gross misdemeanor, when the "person who harasses another" has "previously been convicted . . . of any crime of harassment, as defined in RCW 9A.46.060, of the same victim" the crime is elevated to a class C felony. RCW 9A.46.020(2)(b)(i) (emphasis added). The State elevated Joseph's charge to a class C felony under RCW 9A.46.020(2)(b) based on Joseph's prior conviction of assault in the third degree against Katlong. The question before us is whether Joseph's prior conviction for third degree assault is a "crime of harassment" under RCW 9A.46.060.

RCW 9A.46.060 sets out a list of crimes included in harassment, stating that "'harassment' may include but is not limited to" any one of the 38 crimes enumerated.[2] Listed offenses include: reckless endangerment, extortion, coercion, burglary, criminal trespass, malicious mischief, kidnaping, unlawful imprisonment, rape, rape of a child, indecent liberties, child molestation, stalking, residential burglary, and violation of a protective order. The list includes, in relevant part,

(4) Assault in the first degree (RCW 9A.36.011);
(5) Assault of a child in the first degree (RCW 9A.36.120);
(6) Assault in the second degree (RCW 9A.36.021);
(7) Assault of a child in the second degree (RCW 9A.36.130);
(8) Assault in the fourth degree (RCW 9A.36.041);

_____

[2] (Emphasis added.)

RCW 9A.46.060(4)-(8). The statute does not list assault in the third degree.

While Joseph acknowledges that the list of predicate crimes in RCW 9A.46.060 is not exclusive, he nonetheless argues that legislature's decision to omit assault in the third degree demonstrates the legislature's intent to omit the crime. We reject this contention.

Washington courts have consistently interpreted the statutory language, "including but not limited to," to indicate the legislative intent to create an illustrative, not exhaustive, list. See Larson, 184 Wn.2d at 849. When a statute is plain and unambiguous on its face, our analysis stops there, we do not resort to interpretive tools such as legislative history. Larson, 184 Wn.2d at 854. Joseph provides no authority to support a claim that the mere inclusion of a nonexhaustive list renders a statute ambiguous. And we do not so find. Here, the plain language of this statute unambiguously creates an illustrative and nonexhaustive list that does not specifically exclude any crimes.

Washington courts have a recognized method for interpreting such lists within a statute. Where a general term, here harassment, is modified by a nonexclusive list, the general term will be deemed to "incorporate those things similar in nature or 'comparable to' the specific terms." Larson, 184 Wn.2d at 849 (quoting Simpson Inv. Co. v. Dep't of Revenue, 141 Wn.2d 139, 151, 3 P.3d 741 (2000)). Accordingly, the question is whether Joseph's conviction of assault

in the third degree is "of a similar nature" or "comparable" to the crimes specifically listed in the statute.

In determining whether assault in the third degree is "of a similar nature" to those included in harassment, we look to the clearly stated legislative intent behind the anti-harassment act, chapter 9A.46 RCW:

> The legislature finds that the prevention of serious, personal harassment is an important government objective. Toward that end, this chapter is aimed at making unlawful the repeated invasions of a person's privacy by acts and threats which show a pattern of harassment designed to coerce, intimidate, or humiliate the victim.

RCW 9A.46.010. A person is guilty of assault in the third degree where, among other alternatives, the person, "[w]ith criminal negligence, causes bodily harm accompanied by substantial pain that extends for a period sufficient to cause considerable suffering." RCW 9A.36.031(1)(f). A crime where the defendant has caused "substantial pain" and "considerable suffering" to the same victim, falls squarely within the stated legislative intent.[3]

Joseph argues assault in the third degree is not comparable to the other crimes of "harassment" under RCW 9A.46.060, because the other crimes require intent, or at least a higher mens rea than the criminal negligence mens rea required for assault in the third degree. This argument also fails.

There is no uniform expression of mens rea within the other crimes listed in RCW 9A.46.060. The listed crimes included in the statute rely on different

---

[3] As part of the stipulation admitting the prior assault conviction, Joseph entered the following statement:
> On or about May 15, 2016, with criminal negligence, I did cause bodily harm accompanied by substantial pain that did extend for a period of time sufficient to cause considerable suffering to Nita Katlong. She is the mother of my children.

levels of intent. Some require intentional conduct, others require recklessness, and a few include no mens rea at all. For example, rape in the first degree (RCW 9A.44.040),[4] rape in the second degree (RCW 9A.44.050), rape in the third degree (RCW 9A.44.060),[5] rape of a child in the first degree (RCW 9A.44.073), rape of a child in the second degree (RCW 9A.44.050), and rape of a child in the third degree (RCW 9A.44.079) do not have a mens rea element. Because there is no indication within the plain language of the statute that the legislature intended to differentiate crimes based on criminal intent, we will not assume such an exclusion exists.

We hold that assault in the third degree, where the defendant has caused "substantial pain" and "considerable suffering" to the same victim, is "of a similar nature" to the other crimes listed in RCW 9A.44.060, and falls within the legislature's intent to punish "harassment." Accordingly, although the crime was not specifically listed in RCW 9A.44.060, the crime is a qualifying predicate crime under RCW 9A.46.020(2)(b)(i).

### Domestic Violence Aggravator

Joseph argues finally that the trial court erred by failing to instruct the jury that a finding that Joseph's crimes were domestic violence offenses required proof beyond a reasonable doubt and a unanimous verdict. "'The Sixth Amendment to the United States Constitution requires that a jury must unanimously find beyond a reasonable doubt any aggravating circumstances that

---

[4] See State v. DeRyke, 149 Wn.2d 906, 913, 73 P.3d 1000 (2003) ("First degree rape contains no mens rea element.").

[5] See State v. Chhom, 128 Wn.2d 739, 741-42 n.4, 911 P.2d 1014 (1996) (noting that all rape crimes lack a mens rea element).

increase a defendant's sentence. In Washington, a jury uses special verdict forms to find these aggravating circumstances." State v. Nunez, 174 Wn.2d 707, 709, 285 P.3d 21 (2012).

Because the jury's special verdict findings of domestic violence increased Joseph's punishment, it was a violation of the Sixth Amendment that the jury was not instructed that their verdicts must be unanimous and beyond a reasonable doubt. The State agrees that the failure to instruct the jury was error and concedes that the matter must be remanded for resentencing with a lesser offender score.

We affirm Joseph's conviction for felony harassment. We reverse Joseph's conviction for felony violation of a no-contact order based on insufficient evidence to support the alternative means. We remand for resentencing with a lesser offender score.

_Mann, ACJ_

WE CONCUR:

_Cox, J._

_Becker, J._

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON
2018 APR 30 AM 9:18